THE TRAVELERS INDEMNITY COMPANY & others *vs.*
COMMISSIONER OF INSURANCE.

Suffolk. December 8, 1970. — December 14, 1970.

Present: CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Insurance,* Rating, Motor vehicle liability insurance. *Constitutional Law,* Insurance rating, Due process of law.

St. 1968, c. 643, § 2A, requiring the Commissioner of Insurance to fix the same rates for compulsory motor vehicle liability insurance for the year 1970 as he fixed for such insurance for the year 1967 is unconstitutional in that it would cause numerous insurance companies selling such insurance an estimated aggregate underwriting loss exceeding $13,000,000 on such insurance for 1970 and the rates would be confiscatory; the Commissioner must fix the rates for such insurance for 1970 under G. L. c. 175, § 113B, as amended, without regard to the unconstitutional statute.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on February 12, 1970.

The suit was reserved and reported by *Spalding,* J.

*Walter H. Mayo, III,* Assistant Attorney General (*James P. Kiernan,* Assistant Attorney General, with him), for the defendant.

*Herbert P. Wilkins* (*Acheson H. Callaghan, Jr.,* with him) for the plaintiffs.

BY THE COURT. This is a bill for declaratory and other relief concerning the rates which may be charged for compulsory motor vehicle liability insurance (compulsory insurance) for the calendar year 1970. The plaintiffs are forty-six companies selling such insurance in the Commonwealth and a rating organization serving them and other insurance companies. The defendant is the Commissioner of Insurance for the Commonwealth (Commissioner).

The case was referred to a master whose report has been confirmed by the single justice. The single justice also or-

dered that the evidence presented to the master be reported to the court. The case is before us on a reservation and report by the single justice for determination by the full court and entry of an appropriate final decree.

We summarize the master's lengthy report only as to those findings which form the basis for our disposition of this case. All such findings are supported by the evidence which was before the master.

On August 12, 1969, the plaintiffs requested the Commissioner in writing to hold a hearing on the 1970 compulsory insurance rates. On August 18, 1969, the Commissioner informed the plaintiffs in writing (a) that St. 1968, c. 643, § 2A,[1] compelled him to re-establish for 1970 the same rates which were in force for such insurance in 1967, and (b) that this statute had eliminated the necessity for any hearing on such rates for the year 1970. He held no such hearing, and he issued no order fixing and establishing premium charges for compulsory insurance for 1970.

When the case was tried before the master the last full year for which the plaintiffs' operating figures were available was 1968. The 1968 compulsory insurance rates were the same as those for 1967. The master found that the plaintiffs sustained an aggregate underwriting loss [2] of about $7,400,000 [3] in writing compulsory insurance for 1968. Because some of the plaintiff companies operate as part of a

---

[1] This section reads as follows: "Notwithstanding any provision of section one hundred and thirteen B of chapter one hundred and seventy-five of the General Laws to the contrary, the commissioner of insurance shall, on or before September fifteenth in the current year, fix and establish the same classifications of risks and the same basic premium charges or lesser charges to be used and charged by companies in connection with the issue or execution of motor vehicle liability policies or bonds, both as defined in section thirty-four A of chapter ninety of the General Laws, for the calendar years nineteen hundred and sixty-nine and nineteen hundred and seventy or any part thereof, as he fixed and established under the provisions of said section one hundred and thirteen B for the calendar year nineteen hundred and sixty-seven or any part thereof."

[2] The words "underwriting loss" mean the amount by which the incurred losses and expenses including allocated claim expense exceed the premiums, all limited to compulsory insurance.

[3] This finding of the master was based on an exhibit (exh. 22) showing developed 1968 losses (including allocated claim expense) reported as of December 31, 1969.

group, the number of units reporting operating figures is thirty-two. Only one group and one company reporting individually experienced an underwriting profit on compulsory insurance for 1968.

If the compulsory insurance rates for 1970 remain the same as they were in 1967, the plaintiffs would sustain an estimated aggregate underwriting loss of $13,205,600 on such insurance for 1970. This estimate is based on the adjustment upwards of the 1968 loss and expense figures to reflect known or reasonably predictable changes in those items. The estimated 1970 operating results for each of the plaintiffs separately show that only one plaintiff would experience an underwriting profit on compulsory insurance. If the figures for that company were combined with those of two other companies with which it operates as a group, the result would be an underwriting loss for the group.

Notwithstanding the comprehensive statutory provisions in G. L. c. 175, § 113B, authorizing and requiring the Commissioner to "fix and establish . . . adequate, just, reasonable and nondiscriminatory premium charges" for compulsory insurance, the Legislature, by enacting St. 1968, c. 643, § 2A, itself prescribed the level of such premium charges (rates) for the years 1969 and 1970. On the basis of the facts found by the master, those rates are confiscatory as applied to the year 1970, and § 2A fixing such rates is therefore unconstitutional. In this respect the present case is governed by what we said in *Aetna Cas. & Sur. Co.* v. *Commissioner of Ins. ante,* 272, 276–282. General Laws c. 175, § 113B, as amended through St. 1968, c. 660, continues to authorize and require the Commissioner to fix and establish compulsory insurance rates, including those for 1970.

There was no error in the denial of the Commissioner's motion to recommit the case to the master, nor in confirming the master's report.

A final decree is to be entered which shall order, adjudge and decree: 1. That the classifications of risks and premium charges fixed and established by the Commissioner for com-

pulsory motor vehicle insurance for the year 1967 are confiscatory and unlawful for use in 1970; and that they are not adequate, just, reasonable and nondiscriminatory as required by G. L. c. 175, § 113B, as amended through St. 1968, c. 660. 2. That the Commissioner shall forthwith fix and establish fair and reasonable classifications of risks and adequate, just, reasonable and nondiscriminatory premium charges to be used and charged by companies for such insurance, retroactively to January 1, 1970; and that he do so under the provisions of § 113B, as amended, without regard to the provisions of St. 1968, c. 643, § 2A.

*So ordered.*