JOSEPH A. GORDON *vs.* HARDWARE MUTUAL
CASUALTY COMPANY.

Suffolk.    February 9, 1972. — April 12, 1972.

Present: CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Equity Jurisdiction,* Other remedy, Administrative matter. *Regulation of Business Practice and Consumer Protection Act. Insurance,* Unfair act or practice. *Administrative Matter.*

In a suit brought under G. L. c. 93A, § 9, where the plaintiff alleged that the defendant insurance company committed an unfair act when it failed to notify the plaintiff, before he renewed a policy with the defendant, that his premium would be increased because the defendant did not request permission for a reduced rate from the Commissioner of Insurance as it had in previous years, the trial court properly sustained a demurrer of the defendant where the plaintiff had not exhausted possible adequate administrative remedies existing under certain statutes pertaining to insurance. [584–588]

BILL IN EQUITY filed in the Superior Court on March 30, 1970.

The suit was heard by *Kalus,* J., on a demurrer.

*Ralph Arnoldy* for the plaintiff.

*Frank W. Kilburn* for the defendant.

BRAUCHER, J.    The plaintiff brought a bill in equity under § 9 [1] of the Regulation of Business Practice and

---

[1] General Laws c. 93A, § 9, inserted by St. 1969, c. 690, reads in relevant part: "(1) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by section two and by any rule or regulation issued under said section three C may, as hereinafter provided, bring an action in the superior court in equity for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.    (2) Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and

Consumer Protection Act, G. L. c. 93A, seeking relief for himself and others similarly situated from an alleged unfair act or practice of the defendant. The plaintiff now appeals from a denial of his motion to strike the defendant's plea in abatement, from an interlocutory decree sustaining a demurrer by the defendant, and from a final decree dismissing the plaintiff's bill. The plaintiff also claimed other appeals, but he has not argued them and they are therefore deemed waived. *Angelico* v. *Commissioner of Ins.* 357 Mass. 407, 408, n. 2.

The plaintiff's bill alleges the following facts. For several years prior to 1970, the plaintiff purchased automobile insurance from the defendant. During this time the defendant filed each year with the Commissioner of Insurance (commissioner) for permission to deviate from the manual rates in an amount of approximately fifteen per cent on coverages other than compulsory bodily injury liability, medical payments, and uninsured motorists protection. The premiums paid by the plaintiff during this time reflected this deviation in reduced rates. The defendant knew during the summer of 1969 that it would not file for permission from the commissioner to deviate from the manual rates for 1970 and, therefore, would charge the plaintiff a premium higher than before and higher than the plaintiff anticipated.

About the end of September or the beginning of October, 1969, the plaintiff completed the defendant's automobile insurance renewal questionnaire, and before

---

situated persons; the court shall require that notice of such action be given to unnamed petitioners in the most effective practicable manner. Such action shall not be dismissed, settled or compromised without the approval of the court, and notice of any proposed dismissal, settlement or compromise shall be given to all members of the class of petitioners in such manner as the court directs."

Chapter 93A, § 9, was amended by St. 1970, c. 736, §§ 1, 2, approved on August 21, 1970, and by St. 1977, c. 241, approved on April 29, 1971, both after the commencement of this suit.

General Laws, c. 93A, § 2, inserted by St. 1967, c. 813 § 1, reads in relevant part: "(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

January 1, 1970, the defendant mailed to the plaintiff a motor vehicle registration certificate validated by it as insurer to enable the plaintiff to register his automobile. The plaintiff received no notification of the higher rate, was not aware of it, and had no reason to anticipate it until the end of January or the beginning of February, 1970, when the plaintiff received a copy of his 1970 automobile insurance policy together with a premium notice. Upon examining the premium notice he realized that it was higher than that of the previous year. The defendant's failure to inform him was an unfair act or practice and caused him a loss of money in the amount of the increased premium rate; had he known of the defendant's intention not to seek a deviation before January 1, 1970, he would have purchased insurance from another company which did not seek a deviation for 1970, but because of the short rates on cancellation he could not cancel his 1970 policy with the defendant without loss of money.

On February 23, 1970, in accordance with G. L. c. 93A, § 9 (3), inserted by St. 1969, c. 690, the plaintiff wrote a letter to the defendant setting forth his complaint and asking for reimbursement to the extent of the fifteen per cent discount. The defendant replied on February 27, 1970, admitting the discontinuance of the fifteen per cent discount, but offering no settlement. The plaintiff then waited the thirty days required by G. L. c. 93A, § 9 (3), and commenced this suit on March 30, 1970. The defendant demurred and assigned as one ground, among others, that the plaintiff had not exhausted his administrative remedies.

The Commonwealth provides a comprehensive statutory scheme for the regulation of all phases of the insurance business. G. L. cc. 174A–178. "The commissioner, as we have recognized, has been given very broad supervisory powers over insurance companies." *Rockland Mut. Ins. Co.* v. *Commissioner of Ins.* 360 Mass. 667, 672–673 and cases cited. Chapter 175 is the basic insurance law; § 3A charges the commissioner with its

administration and enforcement, and § 5 gives him power to revoke the license of a foreign insurance company, such as the defendant, for unsound or improper business policies or methods, or for transacting business fraudulently. Chapter 175, §§ 113B and 113C, as amended by St. 1968, c. 643, §§ 2 and 3, and by St. 1968, c. 660, provided for rate regulation with respect to certain coverages, including provisions for deviation and for judicial review. See *Insurance Rating Bd.* v. *Commissioner of Ins.* 359 Mass. 111, 113–114. Chapter 175A, providing for rate regulation with respect to certain other coverages, was enacted in 1947, after study by a recess committee. See *Insurance Rating Bd.* v. *Commissioner of Ins.* 358 Mass. 171, 177–179. Chapter 175A, § 6, provides for rate filings, § 7 (b) for hearings at the instance of any person aggrieved, § 8 for the licensing of rating organizations, and § 9 for the type of deviation in issue here.

Particularly relevant are G. L. c. 175A, § 11, as amended by St. 1969, c. 424, § 2, and G. L. c. 176D, §§ 3 and 9, both inserted by St. 1947, c. 659. General Laws c. 175A, § 11, as amended by St. 1967, c. 424, § 2, provides for a hearing by the insurer or rating organization on the written request of "any person aggrieved by the application of its rating system," and for an appeal to the commissioner, who may affirm or reverse the action of the insurer or rating organization. General Laws c. 176D, § 3, inserted by St. 1947, c. 659, forbids any corporation engaged in the business of insurance to engage in "an unfair or deceptive act or practice in the business of insurance." General Laws, c. 176D, § 9, so inserted, permits the commissioner to hold a hearing with respect to such an act or practice and, through the Attorney General, to cause a petition to be filed in this court to enjoin and restrain the insurer from engaging in the act or practice.

We said in *Saint Luke's Hosp.* v. *Labor Relations Commn.* 320 Mass. 467, 470: "To permit judicial interference with the orderly administration by the com-

mission of matters entrusted to it by the Legislature before it has commenced to exercise its authority in any particular case or before it has had an opportunity to determine the facts and make a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left in the first instance to the commission, and would result in the substitution of the judgment of the court for that of the commission. Courts must be careful not to invade the province of an administrative board. The instances are rare where circumstances will require such interference."

The plaintiff argues that the administrative remedies cannot provide the relief available to him under G. L. c. 93A. The question "is not whether the alternative [administrative] remedy is in all respects as prompt and as broad" but whether it is "inadequate." See *Jordan Marsh Co.* v. *Labor Relations Commn.* 312 Mass. 597, 601–602; *Ullian* v. *Registrar of Motor Vehicles,* 325 Mass. 197, 198–199. We do not think that here there is a "futility apparent in the application of the statute" which "makes such resort to the administrative agency unnecessary." Compare *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 84.

The provisions of G. L. c. 93A, §§ 9 (3) and (4), for minimum damages, multiple damages, attorney's fees and costs do not confer upon the plaintiff rights of the type which must be vindicated by an administrative remedy in order for it to be adequate. The full extent of the damages alleged by the plaintiff is the difference between the premium charged by the defendant to the plaintiff for his 1970 automobile insurance and the discounted premium charged for the previous year. We need not consider at this stage whether the commissioner can, after a hearing under the provisions of G. L. c. 175A, §§ 7 (a) or (b), declare a previously filed rate ineffective as of the date of filing. See *Insurance Rating Bd.* v. *Commissioner of Ins., supra,* at 177. Nor need we consider whether the commissioner could, under G. L. c. 175A, § 11, require the defendant to make a rebate

equivalent to the plaintiff's previous discount. We should not pass upon such questions without having the benefit of a prior determination by the commissioner.

The defendant did not assign as a ground of demurrer G. L. c. 93A, § 3 (1) (a), inserted by St. 1967, c. 813, § 1, exempting "transactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the commonwealth . . . ." General Laws c. 93A, § 3 (2), as amended by St. 1969, c. 814, § 2, provides that the burden of proving exemption is upon the person claiming the exemption. But if the plaintiff is allowed to circumvent the administrative process, he would in effect transfer to the courts the determination of the question whether the defendant's rating procedure would be permitted by the commissioner after a hearing under G. L. c. 175A, § 11, or after other administrative proceedings, and thereby would be exempted from the operation of G. L. c. 93A, § 3 (1) (a).

The plaintiff further argues that the administrative procedure available under G. L. c. 175A need not be exhausted because it is expressly declared to be nonexclusive by G. L. c. 175, § 193A. The word "remedy" in G. L. c. 175, § 193A, explicitly refers to the suit in equity, upon an information filed by the Attorney General at the relation of the commissioner, provided by that section and not to the "other remedies . . . provided by . . . this chapter." General Laws c. 175A, § 11, and c. 176D, § 9, provide specific administrative remedies for the grievances alleged in the plaintiff's bill.

In the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts. *Holyoke Water Power Co.* v. *Holyoke,* 349 Mass. 442, 445–446. See *C. & H. Co.* v. *Building Commr. of Medford,* 303 Mass. 499, 501; *Jordan Marsh Co.* v. *Labor Relations Comm.* 312 Mass. 597, 602; *Flynn* v. *Board of Registration in Optometry,* 320 Mass. 29, 30–32; *Kenworthy & Taylor, Inc.* v. *State Examrs. of Electricians,* 320 Mass. 451, 454; *Marshall* v. *Registrar of*

*Motor Vehicles,* 324 Mass. 468, 471; *Ullian* v. *Registrar of Motor Vehicles,* 325 Mass. 197, 199; *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 84.  Compare *Hathaway Bakeries, Inc.* v. *Labor Relations Commn.* 316 Mass. 136, 140, 143 (administrative board without power to make orders which could be enforced on the party in question); *Treasurer of Worcester* v. *Department of Labor & Indus.* 327 Mass. 237, 239 (an express statutory declaration that the administrative procedure need not be exhausted).

As was true of the department of public utilities with respect to municipal utilities, in the *Holyoke Water Power Co.* case, *supra,* the commissioner is given substantial power to regulate the business of insurance. Exercise of his regulatory power may afford the plaintiff some measure of relief (if he is entitled to any relief) and, in any event, may affect the scope and character of any judicial relief which may be given.  Exhaustion of the possibilities of action by the commissioner should precede independent action in the courts to prevent the alleged unfair act or practice.  It follows that the demurrer was properly sustained.  We need not pass on the action taken with respect to the defendant's plea in abatement.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs*
> *of appeal.*