**Nancy L. DOLAN, Plaintiff,**

v.

**UTICA MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. 85–0984–C.**

United States District Court, D. Massachusetts.

March 17, 1986.

Michael J. Calabro, Flanagan & Hunter, Boston, Mass., for plaintiff.

Philip T. Tierney, Eugene G. Coombs, Coombs & Ryan, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Nancy Dolan, a citizen of the Commonwealth of Massachusetts, against Utica Mutual Insurance Company ("Utica"), a New York corporation doing business in Burlington, Massachusetts. The plaintiff's complaint states claims for breach of contract, unfair claim settlement practices under Mass.Gen. Laws Ann. ch. 176D, and unfair or deceptive trade practices under Mass.Gen.Laws Ann. ch. 93A. This Court's jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332.

The matter is now before the Court on the defendant Utica's motion to dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. In support of its motion, Utica argues that the plaintiff has failed to pursue the administrative and judicial remedies provided by Mass.Gen.Laws Ann. ch. 175, § 113D and the defendant claims therefore that this suit is barred by the doctrine of primary jurisdiction. The Court, in reviewing the sufficiency of the complaint in the context of a motion to dismiss, must treat all of the well-pleaded allegations of the complaint as true. *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 27

n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). For the reasons set forth below, I rule that the doctrine of primary jurisdiction does not apply in this case and, accordingly, the defendants motion to dismiss should be denied.

The plaintiff's complaint alleges that the defendant Utica is a corporation engaged in the business of providing motor vehicle insurance which issued a Massachusetts standard automobile policy to the plaintiff for a 1982 Chrysler Le Baron sedan. The one year policy took effect on February 21, 1983, and provided coverage for collision damage and personal injuries.

The defendant used a "direct billing" system whereby it sent periodic statements to the plaintiff requesting premium payments. The complaint alleges that the statements were to include the outstanding premium balance, the amount of payment requested, and the finance charge applicable to each payment. The complaint further alleges that the statements sent to the plaintiff requested inconsistent payment amounts and did not advise the plaintiff of her payment obligation under the insurance contract in a clear and conspicuous manner. As a result of the inadequate information provided in these statements, the plaintiff at various times during the term of the policy was unable to ascertain the total balance remaining due on the policy or the amounts of the payments being requested. The plaintiff wrote to the defendant in July of 1983 requesting clarification of the terms of the policy and the amount she owed on it at that time, but received no reply from Utica. Instead, Utica took steps to cancel the plaintiff's policy and ultimately sent her a cancellation notice on August 8, 1983.

While operating her automobile on September 17, 1983, the plaintiff was involved in a collision which caused her personal injuries and destroyed the automobile. Utica did not investigate the circumstances of the accident or attempt to assess the plaintiff's injuries or the damage to her automobile. The plaintiff repeatedly has demanded that Utica compensate her for the personal injuries and her loss of the vehicle. Utica has refused to compensate the plaintiff on the grounds that the policy was not in effect at the time of the plaintiff's accident.

In count I of the complaint the plaintiff seeks $15,000 for actual damages, plus interest, costs, and reasonable attorney's fees for Utica's alleged breach of the insurance contract. In count II, the plaintiff seeks $45,000 (treble the amount of her actual damages), plus interest, costs, and reasonable attorney's fees on the grounds that Utica's acts and omissions constituted "unfair claim settlement practices" under Mass.Gen.Laws Ann. ch. 176D, and "unfair or deceptive trade practices", under Mass. Gen.Laws Ann. ch. 93A.

The defendant seeks dismissal of this action on the basis of the doctrine of primary jurisdiction; the defendant maintains that because the plaintiff has failed to pursue the administrative and judicial remedies provided by Mass.Gen.Laws Ann. ch. 175, § 113D, she is barred from obtaining relief in this Court.

■■■ Under the doctrine of primary jurisdiction, in certain situations plaintiffs are obliged to seek and exhaust administrative remedies before seeking judicial relief. *Kartell v. Blue Shield of Mass., Inc.*, 384 Mass. 409, 412–414, 425 N.E.2d 313 (1981); *Gordon v. Hardware Mut. Cas. Co.*, 361 Mass. 582, 586–588, 281 N.E.2d 573 (1972). "The principal reason behind the doctrine is recognition of the need for orderly and sensible coordination of the work of agencies and of courts.... [A] court [normally] should not act upon subject matter that is peculiarly within the agency's specialized field without taking into account what the agency has to offer, for otherwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements." *Murphy v. Administrator of Div. of Personnel Admin.*, 377 Mass. 217, 221, 386 N.E.2d 211 (1979), *quoting* 3 K.C. Davis, Administrative Law § 19.01, at 5 (1958). The recurrent themes that underlie application of the doctrine are "the promotion of

uniformity and consistency in the regulation of business entrusted to a particular agency" and "reliance on an agency's special expertise, especially with respect to issues involving technical questions of fact." *Lapierre v. Maryland Cas. Co.*, 14 Mass.App.Ct. 248, 250, 438 N.E.2d 356 (1982), *quoting Kartell*, 384 Mass. at 413, 414, 425 N.E.2d 313. The doctrine is not applied "when the issue in controversy turns on questions of law which have not been committed to agency discretion." *Murphy*, 377 Mass. at 221, 386 N.E.2d 211. The use of the doctrine in a particular case, the Court notes, rests in the sound discretion of the trial judge. *Kartell*, 384 Mass. at 412, 425 N.E.2d 313, *citing Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974).

■ The Court must focus, therefore, on whether the plaintiff's complaint raises technical questions of fact or questions of law which are within the special expertise of the Massachusetts Commissioner of Insurance. The central question that the plaintiff's complaint raises is whether, in cancelling the plaintiff's contract of insurance and refusing to pay the plaintiff for the damages she incurred in the September 17, 1983 accident, the defendant Utica breached the terms of its contract with the plaintiff. Breach of contract claims clearly do not lie within the expertise of the Commissioner of Insurance. In fact, the Massachusetts Court of Appeals has commented that one might justifiably take the position that, being part of a court's daily routine, breach of contract claims "lie within the specialized expertise of courts". *Lapierre*, 14 Mass.App.Ct. at 250, 438 N.E.2d 356.[1]

■ Another recurrent theme in primary jurisdiction cases concerns the adequacy of administrative remedies. *Lapierre*, 14 Mass.App.Ct. at 251, 438 N.E.2d 356, *citing Boston Edison Co. v. Selectmen of Concord*, 355 Mass. 79, 84–85, 242 N.E.2d 868 (1968) and other cases. Where an administrative remedy is adequate and comprehensive, it is often reasonable to conclude that it was intended by the Legislature to be exclusive, subject to judicial review in due course. Where the administrative remedy is inadequate, normally it is not assumed that it was intended to be exclusive. *Lapierre*, 14 Mass.App.Ct. at 251, 438 N.E.2d 356.

■ Mass.Gen.Laws Ann. ch. 175, § 113D, vests the Massachusetts Commissioner of Insurance with jurisdiction to hear and resolve disputes concerning the cancellation of motor vehicle insurance policies and provides for review of the Commissioner's determinations by the Massachusetts Superior Court. The administrative remedies provided in Mass.Gen.Laws Ann. ch. 175, § 113D are two-fold. Where the insurer issues a notice of cancellation, the insured may file a complaint with the Commissioner, who is required within five days to convene the Board of Appeal on Motor Vehicle Liability Policies and Bonds to hear the complaint. The pendency of the complaint stays the cancellation. If the insurer has already cancelled the policy, the insured may file a complaint with the Commissioner within ten days thereafter. Mass.Gen.Laws Ann. ch. 175, § 113D, ninth paragraph. A postcancellation complaint is subject to the same procedural provisions as precancellation complaints, except that a postcancellation complaint does not stay the operation of the cancellation.

---

**1.** The Court recognizes that, in addition to a claim for breach of contract, the plaintiff's complaint states claims under Mass.Gen.Laws Ann. chs. 176D and 93A. The defendant in its memorandum in support of its motion to dismiss does not discuss the effect that these claims possibly could have on the applicability of the doctrine of primary jurisdiction in this case, *See, e.g. Nelson v. Blue Shield of Mass., Inc.*, 377 Mass. 746, 387 N.E.2d 589 (1979); and *Gordon v. Hardware Mut. Cas. Co.*, 361 Mass. 582, 281 N.E.2d 573 (1972); therefore, the Court will not discuss that question in any depth. The Court notes, however, that the plaintiff's 176D and 93A claims turn on an interpretation of the insurance contract between the parties and the factual circumstances surrounding, and the acts done with respect to, the contract's termination—determinations which are not within the Commissioner's special expertise. Moreover, this case does not involve an attack on industry-wide insurance practices.

The only postcancellation remedy provided by the statute is reinstatement of the policy, and reinstatement is not allowed "beyond [the policy's] date of expiration in any case." *Id.* The statute makes no mention of money damages. The defendant Utica contends that because the plaintiff did not seek reinstatement of her policy under the statute, she is now barred from seeking damages for breach of contract and for violation of Mass.Gen.Laws Ann. chs. 176D and 93A. Confronted with facts similar to those in this case, the Massachusetts Court of Appeals in *Lapierre* said that "absent some indication in the statute that the administrative remedy for unlawful cancellation was intended to be exclusive", the court would not accept the defendant's argument that the "administrative reinstatement remedy, expressly subject to a ten-day limitations period" precludes the plaintiff from seeking damages for breach of contract. *Lapierre*, 14 Mass. App.Ct. at 252, 438 N.E.2d 356. As did the court in *Lapierre*, I rule that the plaintiff's failure to seek reinstatement of her policy does not preclude her from seeking damages in this action.

Order accordingly.