## JOSEPH GATELEY'S CASE.

Suffolk. April 6, 1993. - June 3, 1993.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ

*Workers' Compensation Act*, Recreational activities.

General Laws c. 152, § 1 (7A), which precludes recovery of workers' compensation benefits for injuries an employee sustains while voluntarily participating in recreational activities, barred a claim for injuries an employee received when he fell near his worksite while trying to catch a toy footfall thrown in his direction by another employee. [400-401]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The case was heard in the Appeals Court by *Gerald Gillerman*, J.

The Supreme Judicial Court transferred the case on its own initiative.

*William J. Branca* for the employee.

*Kathleen E. Coffey* for the insurer.

LYNCH, J. This is an appeal by an employee, Joseph Gateley, from an order of a single justice of the Appeals Court affirming the decision of the reviewing board (board) of the Department of Industrial Accidents denying the employee's claim for temporary total incapacity compensation benefits. The employee filed a claim on January 20, 1988, with the board alleging that he had suffered a compensable injury. Initially, an administrative judge awarded temporary total incapacity benefits in April, 1988. The insurer, Wausau Insurance Company, appealed. After a full evidentiary hearing, the same judge denied and dismissed the employee's claim on the ground that the injury was not compensable within the meaning of G. L. c. 152, § 1 (7A) (1990 ed.). The employee appealed from this decision to the board. Two

members of the board affirmed the judge's decision, relying on § 1 (7A), which precludes recovery for injuries sustained while voluntarily participating in recreational activities; one member concurred because she concluded that the injury occurred while the employee was engaged in a deviation from his employment. The employee then appealed to a single justice of the Appeals Court who affirmed the board's decision. The employee appealed to a full panel of the Appeals Court, claiming that his activity was incidental to his employment, and that G. L. c. 152, § 1 (7A), is inapplicable to the facts of this case. We transferred the case here on our own motion and now affirm the board's decision.

We summarize the findings. The employee was employed by Construction Collaborative, Inc., as a roofing mechanic. The position involved regular physical work removing old roofs and constructing new roofs on office buildings.

On December 31, 1987, the employee was assigned to work at an office complex in Waltham where two buildings were under construction. A roadway separated the office building and the two-tiered parking garage. The employee was working on the roof of the office building. Work stopped on that day at 2:30 P.M. instead of the usual 3 P.M., because of the New Year's holiday. It was also payday, but the checks had not arrived on schedule. After stopping work, the employee joined the rest of the Construction Collaborative employees in the roadway where they were gathered to await their paychecks.

After a few minutes of waiting, one of the employees produced a "Nerf" football and several of the employees began playing catch in the roadway. After about twenty minutes the employee left the group and entered the two-tiered garage to observe the method of construction being employed in that structure. He did not see any signs prohibiting entry to the garage, nor was he instructed by any Construction Collaborative employee not to enter the area.

After entering the garage, the employee ascended to the top level. Shortly afterward, another employee followed him to the upper level of the garage and threw the football in the

employee's direction. The employee ran across the upper level of the garage to catch the ball, slipped on a patch of ice, fell to the concrete floor of the garage, and injured his ankle.

General Laws c. 152, § 1 (7A), provides in pertinent part: " 'Personal injury' shall not include any injury resulting from an employee's *purely voluntary participation in any recreational activity, including but not limited* to athletic events, parties, and picnics, even though the employer pays some or all of the cost thereof" (emphasis supplied).[1] In a statute words are to be accorded their ordinary meaning and approved usage. See *Hashimi* v. *Kalil*, 388 Mass. 607, 609 (1983). The language of the statute is not to be enlarged or limited by construction unless its object and plain meaning require it. *Johnson's Case*, 318 Mass. 741, 747 (1945). The interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference. See *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595 (1992); *Brunson* v. *Wall*, 405 Mass. 446, 452-453 (1989).

---

[1]Other jurisdictions also have restricted recovery for workers' compensation claims by enacting limitations on the compensability for injuries occurring during recreational or social activities. See Cal. Lab. Code § 3600(a)(9) (1989 & Supp. 1993) (voluntary off-duty recreational activities are excluded from coverage unless there is reasonable expectancy of or requirement of participation); Colo. Rev. Stat. § 8-40-301 (1990 & Supp. 1992) (excludes any employee participating in recreational activity whose participation is not in performance of any of his duties and who participates on his own initiative); Ill. Ann. Stat. c. 820, par. 305-11 (Smith Hurd 1993) (injuries incurred during voluntary participation in recreational programs are not covered unless employee is ordered or assigned to participate by employer); Nev. Rev. Stat. § 616.110(1) (1991) (any injury resulting from athletic or social event sponsored by employer is not considered to be arising out of or in the course of employment unless employee receives remuneration for participation); N.J. Stat. Ann. § 34:15-7 (West 1988) (when recreational or social activity causes injury, compensation is barred unless activity is a regular incident of employment and produces a benefit for employer beyond improvement in employee health and morale); N.Y. Work. Comp. Law § 10 (McKinney 1992) (no compensation for injury caused by voluntary participation in off-duty athletic event unless employer requires participation, compensates employee for participating, or otherwise sponsors activity).

The employee concedes that the Legislature restricted the definition of personal injury to limit liability for insurers and employers for injuries occurring during organized recreational activities such as company softball games in which the employees are engaged in nonwork activities. See *Kemp's Case*, 386 Mass. 730 (1982); *Moore's Case*, 330 Mass. 1, 4-5 (1953). Since he was not on the worksite voluntarily, the employee asserts that whether he chose to play catch is immaterial in terms of the statute. Voluntary is defined as "unimpelled by another's influence" or the free choice of the person. Black's Law Dictionary 1575 (6th ed. 1990). The board determined that the employee's running to catch the pass was purely voluntary despite the involuntary imposition of waiting for the arrival of his paycheck. G. L. c. 152, § 1 (7A). The employer did not coerce, encourage, require, or pressure the employee to run after the thrown football. See *Todd* v. *Workers' Compensation Appeals Bd.*, 198 Cal. App. 3d 757, 760 (1988) (statute precludes compensation benefits for injuries incurred by employee voluntarily playing basketball on employer's premises during lunch break); *Cary Fire Protection Dist.* v. *Industrial Comm'n*, 211 Ill. App. 3d 20, 25-26 (1991) (no evidence that employee's participation was ordered or compensated, therefore, statute precludes recovery for voluntary participation in recreational activity). We conclude, as did the board, that the term "voluntary" in the statute pertains to the employee's participation in the activity and not the reason he remained on the premises.

The employee next argues that the statute pertains only to formally organized recreational activities and that a spontaneous game of catch is not within the exclusion. The statute, however, does not limit the time or place of the activity. Furthermore, the statute pertains to "any recreational activity, *including but not limited to*" what may be deemed formally organized activities (emphasis supplied). G. L. c. 152, § 1 (7A). Since this recreational limitation conflicts with the general beneficent purpose of the workers' compensation act, it would appear to be the intent of the Legislature to restrict recovery in this type of case. Compare *Young* v. *Duncan*, 218

Mass. 346 (1914), with *Bengtson's Case*, 34 Mass. App. Ct. 239, 245 (1993). See *Ezzy* v. *Workers' Compensation Appeals Bd.*, 146 Cal. App. 3d 252, 261-263 (1983) (enactment of exclusion provision in workers' compensation act is Legislature's intent to eliminate workers' compensation coverage for injuries sustained during recreational, social, or athletic activity that are only remotely work related). The employee has presented no valid reason to disturb the judgment. *Lettich's Case*, 403 Mass. 389, 395-396 (1988). Accordingly, we affirm the decision of the board.

*So ordered.*