**PROTECTIVE LIFE INSURANCE,
Plaintiff,**

v.

**Dennis J. SULLIVAN, Dignity Viatical Settlement Partners, Ltd. and Dignity Partners, Inc., Defendants.**

**Civ. A. No. 94–10728 REK.**

United States District Court,
D. Massachusetts.

Jan. 12, 1995.

**300**

John H. Henn, Foley, Hoag & Eliot, Boston, MA, for Protective Life Ins. Co.

Denise McWilliams, Office of AIDS Services, Boston, MA, for Dennis J. Sullivan.

Wayne S. Henderson, Heidlage & Reece, Boston, MA, Luke DeGrand, Stephen A. Kolodziej, Clark & DeGrand, Chicago, IL, for Dignity Partners, Inc., Dignity Viatical Settlement Partners, L.P.

## MEMORANDUM AND ORDER

KEETON, District Judge.

This case concerns a life insurance policy for $100,000 issued to defendant Dennis J. Sullivan (Sullivan) by plaintiff Protective Life Insurance Company (Protective) on or about November 8, 1991. Sullivan was diagnosed with Acquired Immune Deficiency Syndrome (AIDS) in 1993. In December 1993, Protective assigned the policy to Dignity Viatical Settlement Partners, Ltd. and Dignity Partners (collectively, Dignity Partners), which purchase insurance policies from individuals with terminal illnesses.

On or about March 8, 1994, in connection with Sullivan's efforts to obtain disability benefits under the Policy, Protective reviewed medical records and discovered alleg-edly false statements made by Sullivan. Plaintiff claims that Sullivan procured the life insurance policy through fraud and misrepresentation of Sullivan's medical condition.

### I. *Factual and Procedural History*

Plaintiff filed this action on April 15, 1994 and later amended its complaint (Docket No. 14, filed June 15, 1994).

Plaintiff's amended complaint claims that defendants obtained a life insurance policy governed by Massachusetts law through fraud and misrepresentation. Plaintiff asserts that the alleged fraud and misrepresentation occurred in an application for the policy, in response to questions on consultation with a physician and medication. Plaintiff seeks rescission of the policy and declaratory relief.

On June 1, 1994, Dignity Partners filed a motion to dismiss for failure to state a claim upon which relief can be granted (Docket No. 11, filed June 1, 1994) with supporting memorandum (Docket No. 12, filed June 1, 1994).

On June 14, 1994, Sullivan filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (Docket No. 15, filed June 14, 1994) with supporting memorandum (Docket No. 16, filed June 14, 1994). Defendants assert that plaintiff's attempt to rescind the policy occurs more than two years after its issuance of the policy and is prohibited by MASS.GEN.L. ch. 175, § 132(2).

In response to Dignity Partners' motion to dismiss, Protective files a memorandum (Docket No. 13, filed June 15, 1994). Plaintiff also files a response to Sullivan's motion to dismiss (Docket No. 17, filed June 28, 1994).

Dignity Partners file a reply memorandum in support of their motion to dismiss (Docket No. 19, filed July 8, 1994).

Sullivan files a motion to dismiss (Docket No. 21, filed July 29, 1994), which incorporates his earlier motion to dismiss and supporting memorandum.

### II. *Motion to Dismiss*

Plaintiff alleges fraud based on Sullivan's responses to questions in Protective's life insurance policy application. Plaintiff as-

serts that as a result of the alleged fraud, Protective has been damaged in issuing the policy and/or being potentially liable for the policy. Plaintiff seeks rescission of the policy and declaratory relief.

## A. Legal Standard

Defendants seek to dismiss this claim under Fed.R.Civ.P. 12(b)(6). It is this court's standard practice, when ruling on a 12(b)(6) motion, not to consider matters outside plaintiff's pleadings without, first, giving the parties notice that the motion will be treated as one under Rule 56, and, second, giving reasonable opportunity to all parties to present materials relevant to a Rule 56 motion. I treat the motion before me solely as one to dismiss under Rule 12(b)(6). I do not consider matters outside the pleadings *as proffers of evidence.*

I assess the sufficiency of allegations of the complaint to survive the motion to dismiss. In deciding the motion to dismiss, this court must accept as true all well-pleaded factual assertions in plaintiff's complaint, and draw all reasonable inferences from those assertions in plaintiff's favor. *See, e.g., Leatherman v. Tarrant County Narcotics, Etc. Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Roth v. U.S.,* 952 F.2d 611, 613 (1st Cir.1991).

At a minimum, however, plaintiff is "obliged to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.*

Plaintiff is ordinarily provided notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint, and to respond by opposing the motion on legal grounds or by clarifying the factual allegations so as to satisfy the requirements of a valid legal cause of action. *See Neitzke v. Williams,* 490 U.S. 319, 329–330, 109 S.Ct. 1827, 1833–34, 104 L.Ed.2d 338 (1988); *Forte v. Sullivan,* 935 F.2d 1, 3–4 (1st Cir.1991).

If plaintiff succeeds in setting forth sufficient factual allegations, dismissal will not lie under Rule 12(b)(6). *Roth, supra,* at 613.

## B. Statutory Interpretation

 MASS.GEN.L ch. 175, § 132(2) states that a life insurance policy must include "a provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue". MASS.GEN.L. ch. 175, § 132(2). Defendants argue that since this contest did not begin within the two year contestability period, plaintiff's claim should be barred as a matter of law.

Section 132(2), however, should be considered in light of § 124. These two statutory provisions should be interpreted to allow fraud as an exception to incontestability. Section 124 states that "in any claim arising under a policy issued by any life company, without previous medical examination ... the company shall not be debarred from proving as a defense to such a claim that said statements [as to age, physical, condition and family history] were willfully false, fraudulent, or misleading". MASS.GEN.L. ch. 175, § 124.

"When a statute contains two provisions that, read separately, focus upon different and somewhat conflicting interests, to understand the meaning of the two provisions a court must read at least one, and perhaps both, as necessarily subject to some implicit exceptions." *United States v. Vest,* 639 F.Supp. 899, 909, *aff'd,* 813 F.2d 477 (1st Cir.1987).

Given these two provisions, the Massachusetts Commissioner of Insurance (Commissioner) has determined that there is an implicit exception to the incontestability clause for actual, willful fraud. An appropriate reading of these statutory provisions is that fraud is an exception to incontestability. *See McLean Hosp. v. Lasher,* 819 F.Supp. 110, 129–132 (D.Mass.1993). The Commissioner has routinely approved life insurance policies with an incontestability clause that includes an exception for fraud.

Adhering to this position, the Commissioner approved Protective's policy, which contains a fraud exception to incontestability. The specific provision of Protective's policy states: "We cannot bring any legal action to contest the validity of this policy after it has

been in force two years except for failure to pay premiums *unless fraud is involved.*" Amended Complaint ¶ 21 (emphasis added).

Massachusetts follows the general principle that substantial deference is due to an administrative agency's construction of a statute that it administers. *See Gateley's Case,* 415 Mass. 397, 399, 613 N.E.2d 918 (1993). The exception to incontestability set forth in § 124 is consistent with the Commissioner's position, and the Commissioner's construction of this statute controls.

Thus, since the statute can be interpreted to allow fraud as an exception to incontestability and the Commissioner approved Protective's policy, containing the fraud exception, § 132(2) is not an absolute bar to plaintiff's claim.

### C. Fraud Claim

■ Since plaintiff is entitled to raise the fraud exception defense, I must now determine whether plaintiff has met its burden of setting forth factual allegations on each material element necessary for recovery.

In support of the fraud claim, plaintiff alleges that Sullivan, in his application of September 24, 1991, falsely responded to a question asking whether he had been examined, treated or consulted with a physician during the last five years. *See* Amended Complaint Ex. A, Part A, question 3a. Plaintiff argues that Sullivan identified a physician who had treated him for a benign cyst in 1987 in his application. Plaintiff contends, however, that defendant failed to identify any physician who had treated him for the HIV infection at Fenway Community Health Center (FCHC) in November 1990.

In its amended complaint, plaintiff claims that in November 1990 Sullivan was diagnosed by one or more physicians at FCHC as having the HIV infection. At this time, Sullivan was allegedly treated for HIV and was prescribed AZT. Plaintiff further alleges that Sullivan was treated approximately monthly at FCHC and continued to take AZT as medication through September, 1991.

Further, plaintiff alleges that Sullivan, in the same application, falsely responded to a question asking whether he had been or was then on any medication. *See* Amended Complaint Ex. A, question 3c. Sullivan answered that question in the negative, and plaintiff contends that Sullivan's application did not disclose that he had been taking AZT for nearly a year.

■ Only material misrepresentations by an applicant can invalidate an insurance policy. *Shapiro v. American Home Assur. Co.,* 584 F.Supp. 1245, 1249 (D.Mass.1984). If an insured falsely states facts that heighten the risk being insured against, this misrepresentation is material. *Id.*

The governing Massachusetts law, Mass. Gen.Laws ch. 175, § 186, states that:

> no ... misrepresentation ... made in the negotiation of a policy of insurance by the insured or on his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation ... is made with actual intent to deceive, or unless the matter misrepresented ... increased the risk of loss. MASS. GEN.L. ch. 175, § 186.

From the facts alleged in the plaintiff's amended complaint, one can reasonably draw an inference that plaintiff could offer evidence that fraud and misrepresentation occurred in response to questions in his insurance application.

Accepting as true all well-pleaded factual assertions in plaintiff's complaint, and drawing all reasonable inferences from those assertions in plaintiff's favor, I conclude that plaintiff has met its minimum burden of setting forth factual allegations to sustain recovery under an actionable legal theory. Thus, defendants' motion to dismiss is denied.

### Order

For the foregoing reasons, it is ORDERED:

(1) Dignity Partners' motion to dismiss for failure to state a claim upon which relief can be granted (Docket No. 11) is denied.

(2) Sullivan's motion to dismiss under Fed. R.Civ.P. 12(b)(6) (Docket No. 15) is denied.

(3) A scheduling conference is set for Tuesday February 21, 1995 at 4:00 p.m.