BERNARD DUBE vs. CONTRIBUTORY RETIREMENT APPEAL
BOARD & another.[1]

No. 98-P-2353.

Worcester. June 1, 2000. - August 21, 2000.

Present: ARMSTRONG, C.J., LENK, & RAPOZA, JJ.

*Contributory Retirement Appeal Board. Retirement. School and School Committee,* Retirement benefits. *Public Employment,* Retirement. *Administrative Law,* Judicial review. *Statute,* Construction.

The Contributory Retirement Appeal Board Correctly concluded that, where a public school teacher was entitled to receive Social Security benefits based in part on employment in a nonpublic school, the teacher could not purchase retirement credit for the nonpublic school service under the provisions of G. L. c. 32, § 3(4A). [22-25]

CIVIL ACTION commenced in the Superior Court Department on January 20, 1998.

The case was heard by *Patrick J. King,* J.

The case was submitted on briefs.

*Brian A. Riley* for the plaintiff.

*Joan Schloss,* Special Assistant Attorney General, & *James H. Salvie* for Massachusetts Teachers' Retirement Board.

LENK, J. Bernard Dube appeals from a Superior Court decision affirming the denial by the Contributory Retirement Appeal Board (CRAB) of his request to purchase creditable service for certain nonpublic school service.

The facts are not in dispute. Dube, a teacher certified in Massachusetts, taught at the Marianhill Central Catholic High School (Marianhill), a nonpublic school, in Southbridge, from September, 1967, through August, 1974. Dube has been employed as a teacher in the Southbridge public school system since 1974 and, as such, is a member of the Massachusetts Teachers' Retirement System.

---

[1]Massachusetts Teachers' Retirement Board.

While employed at Marianhill, Dube had Social Security deductions withheld from his income for twenty-eight quarters. As of January 30, 1995, Social Security withholding from Dube's income had been made for more than forty quarters and he thereby qualified to receive Social Security benefits.

On February 10, 1995, Dube notified the Teachers' Retirement Board (board) pursuant to G. L. c. 32, § 3(4A),[2] that he wished to purchase creditable service for the period he had been employed at Marianhill. The board informed Dube on July 8, 1996, that his request had been denied because he had sufficient Social Security credits to receive benefits from the Federal government and, accordingly, was not eligible under the statute to purchase his nonpublic school service. Dube appealed the board's decision and, on May 29, 1997, an administrative magistrate for the Division of Administrative Law Appeals affirmed the decision. On December 31, 1997, CRAB upheld the board's denial of Dube's request to purchase the nonpublic school service. Pursuant to G. L. c. 30A, § 14, Dube filed a complaint in Worcester Superior Court on January 20, 1998. On November 30, 1998, a Superior Court judge affirmed CRAB's decision, and Dube timely appealed.

Dube contends that CRAB erred as matter of law when it determined that he could not purchase creditable service for his

---

[2] General Laws c. 32, § 3(4A), as amended by St. 1994, c. 60, § 63, provides in pertinent part, "Any member in service, or any member inactive on authorized leave of absence of the teachers' retirement system or the state retirement system, who holds a certificate issued by the department of education or is exempted from the requirement of certification . . . and who was previously engaged in teaching pupils or as an administrator in a nonpublic school prior to January first, nineteen hundred and seventy-three may, before the date any retirement allowance becomes effective for him, pay into the annuity savings fund of the appropriate system . . . an amount equal to that which would have been withheld as regular deductions from his regular compensation . . . had such service been rendered in a public school of the commonwealth or public institution of higher education and had he been a member of the teachers' retirement system or the state retirement system during the period such service was rendered. Payment shall not be made and no credit shall be allowed for service in nonpublic schools in excess of the total Massachusetts service to which the member would be entitled to receive credit if he remained in service to age sixty-five, with a maximum credit for service in nonpublic schools not to exceed ten years; *provided that no credit shall be allowed and no payment shall be accepted for any service on account of which the member shall be entitled to receive a retirement allowance or other similar payment from the nonpublic school system, the federal government or any other source*" (emphasis added).

employment at Marianhill under G. L. c. 32, § 3(4A). Dube maintains that the statute does not prohibit him from purchasing his Marianhill service because said service does not qualify him for a retirement allowance, i.e., Social Security. He asserts that, although he had contributed to Social Security for more than forty quarters, and thus qualified for Social Security benefits, this entitlement was not based upon his nonpublic school service, as he had acquired only twenty-eight quarters from such service.[3] Dube also suggests that the statute cannot reasonably differentiate between someone, such as himself, who has accrued forty quarters of Social Security credit at the time he applies for the purchase option, and those who could obtain the necessary quarters and qualify for Social Security after purchasing the nonpublic school service credits.

Under the applicable standard of review set forth in G. L. c. 30A, "[a] decision of CRAB may be set aside only if based upon an error of law or unsupported by substantial evidence." *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 636 (1985). See *Retirement Bd. of Brookline* v. *Contributory Retirement Appeal Bd.*, 33 Mass. App. Ct. 478, 480 (1992). Furthermore, in matters of interpretation, we must "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14(7). See *Evans* v. *Contributory Retirement Appeal Bd.*, 46 Mass. App. Ct. 229, 233 (1999).

General Laws c. 32, § 3(4A), allows a member of the teachers' retirement system to purchase creditable service for certain nonpublic school service. However, the statute provides in pertinent part: "provided that no credit shall be allowed and no payment shall be accepted for any service on account of which the member shall be entitled to receive a retirement allowance or other similar payment from the nonpublic school system, the federal government or any other source." "The general rule of construction is that where the language of the statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Rosse* v. *Commissioner of Rev.*, 430 Mass. 431, 436 (1999), quoting from *Commissioner of Rev.* v. *AMIWoodbroke, Inc.*, 418 Mass. 92, 94 (1994). "The language of the statute is not to be enlarged or limited by construction

---

[3]Apparently, the remainder of Dube's Social Security quarters were obtained through various "odd jobs."

unless its object and plain meaning require it." *Gateley's Case*, 415 Mass. 397, 399 (1993), citing *Johnson's Case*, 318 Mass. 741, 747 (1945). Finally, an agency with primary responsibility for administering a statute is entitled to substantial deference in its interpretation of the relevant statute. *Gateley's Case*, *supra* at 399. See *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595 (1992).

Although Dube's nonpublic school service is not the sole basis for his entitlement to Social Security benefits, it is at least a part thereof (twenty-eight out of forty quarters of contribution to Social Security). General Laws c. 32, § 3(4A), does not include a provision indicating that the nonpublic school service must be the exclusive source of the quarters entitling one to Social Security benefits. Accordingly, "we do not 'read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose.' " *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), quoting from *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914). Thus, in order for us to accept Dube's interpretation of the statute, which would require all quarters to be obtained from nonpublic school service, it would be necessary for us to insert the word "exclusively" or "solely" so that the statute would expressly exclude only "service [*solely*] on account of which the member shall be entitled to receive a retirement allowance . . . ." However, "we will not add to a statute a word that the Legislature had the option to, but chose not to, include." *Dartt* v. *Browning-Ferris Indus., Inc. (Mass.)*, 427 Mass. 1, 9 (1998).

Dube calls our attention to another case in which a teacher was allowed to purchase creditable service for his years of teaching in nonpublic schools because, as he did not then have the required forty quarters, he was not eligible at the time to receive Social Security benefits.[4] Dube asserts that it is arbitrary and capricious for the board to allow another teacher to purchase credits, and not allow him to do so, where neither acquired sufficient credits to receive Social Security benefits through their nonpublic school service.[5]

General Laws c. 32, § 3(4A), provides public school teachers

---

[4]*Power* vs. *Teachers' Retirement Bd.*, Division of Administrative Law Appeals, CR-94-525 (April 10, 1995).

[5]We note that in the *Power* case, *supra*, the board had ruled against Power, but was reversed by an administrative magistrate.

with a generous opportunity to purchase creditable service for certain nonpublic school service so long as they are not already eligible for retirement benefits from another source at the time they wish to buy credits. That another teacher might obtain the requisite credits and thus become eligible for Social Security benefits after purchasing nonpublic school service credits does not establish Dube's entitlement to purchase his nonpublic school service credits at a time when he was already eligible to receive retirement benefits from Social Security. At best, this argument suggests a contingency that the Legislature might wish to avoid. As the statute now reads, however, a key distinction is whether or not one qualifies for benefits from another source *at the time of his request to purchase credits*. If the Legislature wishes to avoid the contingency to which Dube calls attention, it is of course free to do so by enacting appropriate legislation.

*Judgment affirmed.*