### John M. Camara's Case.

No. 07-P-119.

Suffolk. November 13, 2007. - December 28, 2007.

Present: Grasso, Dreben, & Green, JJ.

*Workers' Compensation Act,* Time of injury, Subsequent injury, Cost of living allowance.

This court concluded that where an employee is receiving workers' compensation benefits pursuant to G. L. c. 152, § 35B, for the recurrence of an injury after returning to work, the "date of injury" for purposes of calculating the cost of living adjustment to the employee's benefits under G. L. c. 152, § 34B, is the date of the employee's subsequent injury. [11-15]

Appeal from a decision of the Industrial Accident Reviewing Board.

*David A. Guberman,* Assistant Attorney General, for the employer.

*Paul M. Moretti* for the employee.

Green, J. Under G. L. c. 152, § 35B,[1] when an employee suffers a recurrence of an earlier injury after returning to work, the employee is entitled to be paid compensation at the average weekly wage rate in effect at the time of the subsequent injury. Under G. L. c. 152, § 34B,[2] compensation benefits are subject

[1]General Laws c. 152, § 35B, inserted by St. 1970, c. 667, § 1, provides as follows:

"An employee who has been receiving compensation under this chapter and who has returned to work for a period of not less than two months shall, if he is subsequently injured and receives compensation, be paid such compensation at the rate in effect at the time of the subsequent injury whether or not such subsequent injury is determined to be a recurrence of the former injury; provided, that if compensation for the old injury was paid in a lump sum, he shall not receive compensation unless the subsequent claim is determined to be a new injury."

[2]As pertinent here, G. L. c. 152, § 34B, as amended by St. 1991, c. 398,

to an annual cost of living adjustment in accordance with changes in the average weekly wage. At issue in the present appeal is the date used to calculate the § 34B adjustment in cases involving recurrence of an earlier injury. The reviewing board (reviewing board) of the Department of Industrial Accidents (DIA) concluded that the § 34B adjustment should be calculated using the date of the employee's original injury, rather than the date of the subsequent injury. The Commonwealth[3] contends that the appropriate date instead should be the date of the subsequent injury, which establishes the rate of the benefits subject to the § 34B adjustment. We agree with the Commonwealth, and reverse the decision of the reviewing board.

*Background.*[4] The employee, John M. Camara, was employed by the Commonwealth as a laborer for the highway department when, on October 23, 1987, he injured his lower back. He was paid temporary and total incapacity benefits under G. L. c. 152, § 34, at the rate of $258.37 per week, based on an average weekly wage of $387.56, from October 23, 1987, through January 15, 1992, when he returned to work. After almost four months, the employee again left work because of lower back pain, and was paid § 34 temporary and total incapacity benefits at the rate of $325.91 per week, based on an average weekly wage of $488.87, from May 8, 1992, through November 1, 1992, when he returned to work.

---

§ 61, provides as follows:

"October first of each year shall be the review date for the purposes of this section.

"Any person receiving or entitled to receive benefits under the provisions of . . . section thirty-four A whose benefits are based on a date of personal injury at least twenty-four months prior to the review date shall have his weekly benefit adjusted, without application, in accordance with the following provisions . . . .

"(a) The director of administration shall determine the percentage change between the average weekly wage in the commonwealth on the date of the injury and the average weekly wage in the commonwealth on the review date. . . ."

[3]See G. L. c. 152, § 25B.

[4]In the interest of economy and convenience, we have summarized the procedural history of the employee's claim, omitting those details not germane to our analysis.

The employee continued to work until February 4, 1994, when his back pain became too great. From February 4, 1994, through March 13, 1999, the employee was paid partial incapacity benefits under G. L. c. 152, § 35, in the amount of $239.25 per week, based on an average weekly wage of $488.87 and an earning capacity of $130 per week.[5] On March 13, 1999, the Commonwealth terminated payment of benefits, on the ground that the employee had received benefits for the maximum period of five years authorized under § 35. The employee filed a claim with the DIA for permanent and total incapacity benefits under G. L. c. 152, § 34A, which resulted (on January 11, 2000) in an order of payment awarding the employee § 34A benefits at the rate of $325.91 per week, based on an average weekly wage of $488.87, beginning on March 13, 1999, and continuing. The employee's benefits were adjusted pursuant to G. L. c. 152, § 34B, in 1997, 1998, 1999, 2000, and 2001, based on a date of injury of October 23, 1987.

On or about April 10, 2002, the Commonwealth unilaterally determined that the § 34B adjustment should instead be based on the February 4, 1994, date of the employee's subsequent injury, rather than the October 23, 1987, date of the employee's original injury. The Commonwealth recalculated the adjusted benefit rate and advised the employee that it would thereafter pay § 34A benefits at the recalculated rate, less a weekly deduction to recoup the overpayment attributable to the previous use of the 1987 injury date for purposes of calculating the § 34B adjustment. In response, the employee filed a claim with the DIA for reinstatement of the § 34B adjustment based on the 1987 injury date and penalties pursuant to G. L. c. 152, § 8(5). An administrative judge concluded that the employee was entitled to § 34B adjustment of his benefits based on the 1987 date of injury and, on the Commonwealth's appeal, the reviewing board affirmed (albeit on

---

[5]Neither party asserts any error in the determination of benefits for the periods from May 8, 1992, through November 1, 1992, or from February 4, 1994, and thereafter. In other words, the parties do not appear to contend that there was any change in the average weekly wage between May 8, 1992, and February 4, 1994.

different grounds).[6] The Commonwealth's appeal to this court followed.[7]

*Discussion.* At issue is the interplay between G. L. c. 152, §§ 34B and 35B. Under the unambiguous terms of § 35B, the compensation rate applicable to an employee's claim for benefits based on a subsequent injury is determined as of the date of the subsequent injury. See *Taylor's Case*, 44 Mass. App. Ct. 495, 499-500 (1998). See also *Don Francisco's Case*, 14 Mass. App. Ct. 456, 463 (1982) ("Under § 35B, . . . the employee's right to compensation . . . originate[s] in the change in the employee's condition subsequent to his return to work").

Section 34B provides for an annual adjustment of benefits, on a review date of October 1 of each year, based on the change in the average weekly wage from the date of injury to the review date. The evident purpose of the cost of living adjustment under § 34B is to protect an individual's economic position "by acting as a buffer against the erosion of inflation." *Sliski's Case*, 424 Mass. 126, 135 (1997).

In concluding that the employee's § 34B cost of living adjustment should be based on the October 23, 1987, date of his original injury, instead of the February 4, 1994, date of his subsequent injury, the reviewing board compared the rate adjusting provisions of § 35B, applicable upon the occurrence of a subsequent injury, to those of G. L. c. 152, § 51A,[8] which apply when no compensation has been paid on a claim before the date of the final decision on that claim. Noting its conclusion in a prior

---

[6]The parties entered into a G. L. c. 152, § 19, agreement on June 1, 1995, which provided for § 35 partial incapacity payments to the employee and stated a date of injury of October 23, 1987. Similarly, the parties entered into a stipulation in November, 2000, during a hearing before the DIA, which stated that the date of injury was October 23, 1987. The administrative judge held that the Commonwealth was bound by the § 19 agreement and the stipulation as to the "date of injury" to be used for purposes of the § 34B adjustment. As observed in our introduction, the reviewing board affirmed on the ground that, under the terms of § 34B, the annual cost of living adjustment is based on the date of the original injury, rather than the date of the subsequent injury.

[7]Although the reviewing board reversed so much of the administrative judge's order denying the employee a G. L. c. 152, § 8(5), penalty, the Commonwealth on appeal concedes that it has not appealed this issue. In its brief, the Commonwealth states that if it prevails on appeal, then no penalty is due to the employee.

[8]General Laws c. 152, § 51A, inserted by St. 1969, c. 833, § 1, provides:

case that the cost of living adjustment under § 34B should be based on the date of injury, notwithstanding an adjustment of benefits under § 51A based on a later date of the claim's final decision, the reviewing board stated that its analysis of § 51A is equally applicable to the rate shifting effect of § 35B, and accordingly concluded that the establishment of benefits for a subsequent injury under § 35B, based on the date of the subsequent injury, would not affect the date of injury used for purposes of the cost of living adjustment under § 34B.[9]

The employee also offers an alternative path to the same conclusion, rooted in the language of the statute. Section 34B provides that the cost of living adjustment prescribed thereby is to be determined by reference to the date of injury. Since § 35B involves a recurrence of a preexisting injury, rather than a new injury, the employee suggests that the "date of injury" for purposes of the § 34B cost of living adjustment must be based on the date of the original injury.[10]

In our view, the reviewing board's and the employee's interpretations violate both the letter and the spirit of the statutory scheme.

"[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or im-

---

"In any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury."

[9]The question of the interplay between §§ 51A and 34B is not before us, and we express no view concerning the reviewing board's prior determination of that question.

[10]As a third alternative basis to support use of the October 23, 1987, date of injury for purposes of the § 34B adjustment, the employee proposes the rationale employed by the administrative judge. See note 6, *supra*. However, neither the § 19 agreement nor the hearing stipulation concerned the subject matter of the § 34B adjustment. In both cases, the agreement and the stipulation reflected the reality that the employee had suffered an injury on October 23, 1987, merely as background information. Moreover, on neither occasion was the basis for compensation determined based on the average weekly wage in effect on October 23, 1987. We do not view the parties' § 19 agreement or stipulation as binding or preclusive in establishing the October 23, 1987, date for purposes of subsequent § 34B adjustments.

perfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Scheffler's Case*, 419 Mass. 251, 255 (1994), quoting from *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). "[T]he statutory language itself is the principal source of insight into the legislative purpose." *Scheffler's Case*, *supra*, quoting from *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). "The language of the statute is not to be enlarged or limited by construction unless its object and plain meaning require it." *Gateley's Case*, 415 Mass. 397, 399 (1993). "The interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference." *Ibid.* However, "[a]n incorrect interpretation of a statute by an administrative agency is not entitled to deference." *Kszepka's Case*, 408 Mass. 843, 847 (1990). See G. L. c. 30A, § 14(7)(*c*).

We have previously held, in accordance with the express terms of § 35B, that an employee who suffers an aggravation of an earlier injury two months or more after returning to work is entitled to compensation at the rate applicable on the date of his subsequent injury. See *Don Francisco's Case*, 14 Mass. App. Ct. at 460-461. In so holding, we construed the term "injury" to include "the aggravation of a preexisting condition." *Id.* In accordance with that holding, the employee's benefits in the present case were determined on the basis of the average weekly wage rate as of the date of his subsequent injury. Under the terms of § 35B, then, the date of injury used for purposes of determining the compensation rate applicable to a subsequent injury is the date of the subsequent injury, rather than the original injury.

Under § 34B, the cost of living adjustment is determined by the change in the average weekly wage between the date of the injury and the applicable annual review date. As we have observed, the purpose of the adjustment is to maintain the purchasing power of the benefits, once established, against the erosive effects of inflation. That purpose is met by the application of the § 34B formula to the date on which benefits are established — in other words, to the date of the subsequent injury in cases to which § 35B applies. It would be anomalous to apply § 34B's cost of

living adjustment to benefits using a date other than the date on which the benefits are determined, if the purpose of the cost of living adjustment is to preserve, rather than to augment, the purchasing power of the benefits initially established.

Our conclusion, that for purposes of the § 34B cost of living adjustment to § 35B benefits the "date of injury" should be the date of the employee's subsequent injury, is also consistent with the treatment of adjustments to benefits under G. L. c. 152, § 35C,[11] in cases where there is a lengthy delay between the date of the injury and the date on which the employee becomes eligible for benefits. Under § 35C, the applicable date for purposes of the § 34B cost of living adjustment is the date on which the benefits are determined, rather than the date of the injury. The essential point is that in order to maintain the purchasing power of benefits once awarded, the cost of living adjustment under § 34B should be applied to such benefits as of the date on which they are established.[12]

For the reasons we have stated, the decision of the reviewing board was based on an error of law and is reversed. A new order shall issue stating that the employee's benefits shall be adjusted under § 34B based on the change in the average weekly wage between February 4, 1994, and each applicable review

---

[11]General Laws c. 152, § 35C, inserted by St. 1985, c. 572, § 45, provides, in pertinent part:

"When there is a difference of five years or more between the date of injury and the initial date on which the injured worker or his survivor first became eligible for benefits . . . , the applicable benefits shall be those in effect on the first date of eligibility for benefits.

"For purposes of adjustments to compensation under sections thirty-four B and thirty-five F for employees subject to this section, the first date of eligibility for benefits rather than the date of injury shall be used for purposes of computing such supplemental benefits."

[12]Contrary to the suggestion of the employee and the reviewing board, we do not consider the explicit treatment of the § 34B adjustment in § 35C to reflect a conscious choice by the Legislature to base the § 34B adjustment on the date of the original injury in cases of a subsequent injury under § 35B. Though § 35B omits a similar explicit treatment, for the reasons we have described, we consider the language of § 35B to express with sufficient clarity that the date of injury used both for purposes of establishing benefits and for subsequent cost of living adjustment to be the date of the subsequent injury, rather than the date of the original injury.

date.[13] The case is remanded to the reviewing board for consideration of any right the Commonwealth may have to recoupment of any excess payments made based on use of the October 23, 1987, date for previous § 34B adjustments.

*So ordered.*

---

[13]Because we agree with the position taken by the Commonwealth, we likewise reverse so much of the reviewing board's decision as awarded G. L. c. 152, § 8(5), penalties to the employee.