Lauriat, Peter M., J.
Denise Megiel-Rollo seeks judicial review of a decision of the defendant Contributory Retirement Appeal Board (“the Board”) affirming the denial of her request for a termination retirement allowance pursuant to G.L.c. 32, §10(2). Megiel-Rollo has now moved for judgment on the pleadings in her favor, pursuant to Mass.R.Civ.P. 12(c). After review, and upon consideration of the memoranda and oral arguments of counsel, the court concludes that the Board erred as a matter of law in determining that Megiel-Rollo was not “removed or discharged” from her employment at the Bristol County Agricultural High School. Accordingly, Megiel-Rollo’s motion for judgment on the pleadings is allowed.
BACKGROUND
The material facts of this case are not in dispute. Megiel-Rollo was employed as a teacher at several schools in Massachusetts for approximately twenty-three years. In September of 1982, she accepted a *203 teaching position at the Bristol County Agricultural High School (“the School”), where she continued to teach for nearly tweniy years.
On June 24, 1994, Megiel-Rollo filed a charge of sex discrimination against the School with the Massachusetts Commission Against Discrimination (“MCAD”). On October 10, 2001, while the MCAD matter was still pending, she entered into a settlement agreement with the School to resolve her sex discrimination claim. Under the terms of the settlement agreement, Megiel-Rollo was placed on a paid leave of absence until June 30, 2002. Upon executing the agreement, she was required “to immediately leave the building and grounds of [the School] . . . and to never [again] enter the [School] grounds and buildings.” The agreement further provided that the School would send Megiel-Rollo a termination notice on or about June 30, 2002. In accordance with this agreement, the School sent her a termination letter stating, “You are hereby notified of the termination of your employment with the Bristol County Agricultural High School effective June 30, 2002.”
In July 2002, Megiel-Rollo applied for a “termination retirement allowance” pursuant to G.L.c. 32, §10(2). The Massachusetts Teachers’ Retirement System (“MTRS”) denied her application for a termination retirement allowance, and instead awarded her a “superannuation retirement allowance” pursuant to G.L.c. 32, §10(1). In October 2002, Megiel-Rollo filed an appeal of this decision with the Board. An administrative magistrate in the Division of Administrative Law Appeals (“DALA”) issued an order affirming the decision of the MTRS on February 22, 2007.[1] Megiel-Rollo filed an objection to DALA’s decision with the Board. On June 12, 2009, the Board affirmed the decision. The present appeal followed.
DISCUSSION
General Laws c. 30A, §14, allows any person aggrieved by a decision of any agency in an adjudicatory proceeding the right to appeal that decision to the Superior Court. The Board’s decision “maybe set aside only if based upon an error of law or unsupported by substantial evidence.” Dube v. Contributory Retirement Appeal Bd., 50 Mass.App.Ct. 21, 23 (2000), quoting Robinson v. Contributory Retirement Appeal Bd., 20 Mass.App.Ct. 634, 636 (1985). In reviewing the Board’s decision, the court is required to “give due weight to the experience, technical competence, and specialized knowledge of the [Board], as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7). However, “(j]udicial deference to an agency’s action is not a principle of abdication, and ours is the power to determine pure questions of law” (internal quotation marks and citations omitted). Weston v. Contributory Retirement Appeal Bd., 76 Mass.App.Ct. 475, 479 (2010) (rejecting Board’s interpretation of “teacher”).
General Laws c. 32, §10(2), provides, in relevant part: “Any member who retires under the provisions of this section, who has completed twenty or more years of creditable service and ... is removed or discharged from his office or position without moral turpitude on his part . . . shall receive a normal yearly amount of retirement allowance . . .”[2] In concluding that Megiel-Rollo was ineligible for benefits under this provision, the administrative magistrate held that she was not “removed or discharged” from her position as a teacher.[3] The magistrate reasoned that by voluntarily signing the settlement agreement, Megiel-Rollo chose to leave her employment at the school, and her termination was therefore voluntary. The Board adopted the reasons stated in the magistrate’s decision, noting that the settlement entailed Megiel-Rollo “giving up” her position as a teacher.
Chapter 32 does not contain definitions of the terms “removed” or “discharged.” The plain meaning of these words connotes some action on the part of the employer to terminate the employee’s employment. See, e.g., Black’s Law Dictionary 475 (7th ed. 1999) (defining “discharge,” in context of employment, as “[t]he firing of an employee”); Webster’s II New College Dictionary 323 (rev. ed. 1999) (discharge defined as ”[t]o remove from employment”); see also G.L.c. 31, §1 (defining discharge, for purposes of the civil service laws, as “the permanent, involuntary separation of a person from his civil service employment”). In contrast to the term discharge, the word "resign" (or “quit”) is used to refer to an employee who voluntarily leaves his or her employment without any action on the part of the employer. Megiel-Rollo cannot be said to have resigned from her teaching position under circumstances where she was forever banished from the School, and even the School’s grounds, and was terminated pursuant to a notice of termination sent by the School.
The fact that Megiel-Rollo agreed to be terminated does not make her termination tantamount to a resignation. Had she wished to resign of her own volition, then it would not have been necessary for the School to negotiate her termination as a condition for settling the sex discrimination complaint she filed with the MCAD. The statute does not require Megiel-Rollo to object to being discharged, nor does it deny a termination retirement allowance to an employee who acquiesces to being discharged.
The School terminated Megiel-Rollo’s employment, effective June 30, 2002, by sending her a notice of termination. She was therefore “discharged” from her employment within the meaning of G.L.c. 32, §10(2). Accordingly, the Board erred as a matter of law in concluding that Megiel-Rollo was not discharged for purposes of qualifying for a termination retirement allowance.
*204 ORDER
For the foregoing reasons, the Motion for Judgment on the Pleadings of Plaintiff Denise Megiel-Rollo Pursuant to M.R.C.P. 12(c) is ALLOWED. Judgment shall enter in favor of Megiel-Rollo on her complaint for judicial review. The decision of the Contributory Retirement Appeal Board is VACATED, and this matter is REMANDED to the Board for the entry of an order in favor of Megiel-Rollo.

 The Board assigned the matter to DALA pursuant to G.L.C. 32, §16.

 Two amendments to the statute went into effect following Megiel-Rollo’s termination — one in 2002 and another in 2009. The language quoted above appeared in the statute in effect at the time of the termination, and it remains in the statute in its present form.

 The magistrate also concluded that Megiel-Rollo satisfied the age and creditable service requirements of the statute.