SHELBY MUTUAL INSURANCE COMPANY *vs.*
COMMONWEALTH (and three companion cases[1]).

Suffolk. November 8, 1994. - May 8, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Workers' Compensation Act*, Special fund, Reimbursement of insurer.
*Statute*, Retroactive statute.

Discussion of G. L. c. 152, § 65, as amended by St. 1985, c. 572, § 55, and
St. 1989, c. 565, governing reimbursement to workers' compensation
insurers for compensation paid pursuant to G. L. c. 152, §§ 37 and
37A, on account of further work-related injuries of employees who had
been previously injured. [253-256]
Statute 1989, c. 565, amending the provisions of the Workers' Compensa-
tion Act and effective February 27, 1990, was prospective in operation
and therefore did not extinguish claims filed before the effective date of
the amendment by insurers seeking reimbursement on account of pay-
ments made for so-called "second injuries" of workers who had previ-
ously been injured. [256-257]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 17, 1990.

The case was heard by *John A. Tierney*, J.

APPEALS from decisions of the Industrial Accident Re-
viewing Board.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*W. Frederick Uehlein & Leonard Y. Nason* for Merchants'
Insurance Company & others.

*James A. Sweeney*, Assistant Attorney General (*Stephen
M. Linsky*, Special Assistant Attorney General, with him)
for the Commonwealth.

---

[1]Sutcliffe's Case, Lanoue's Case, and Vivace's Case.

*Donald H. Jackson, Jr.*, for Shelby Mutual Insurance Company, was present but did not argue.

O'CONNOR, J. Shelby Mutual Insurance Company, Merchants Insurance Company, Central Mutual Insurance Company, and Nationwide Mutual Insurance Co. paid workers' compensation claims to employees whose disabilities were caused by compensable injuries in combination with previous injuries. The insurers claim a right to be partially reimbursed out of the Workers' Compensation Trust Fund (Trust Fund) established by St. 1985, c. 572, § 55, effective December 10, 1985 (St. 1985, c. 572, § 67), or out of the Commonwealth's general fund.

To encourage employers to hire handicapped workers, the General Court in 1919 created a fund to reimburse insurers a portion of their workers' compensation payments made when a previously injured employee has suffered a further work-related injury. St. 1919, c. 272. Although the statutory provisions have changed substantially over the years, the right to reimbursement has always been codified at G. L. c. 152, §§ 37 and 37A, while the funding mechanism has been codified at G. L. c. 152, § 65. Before December 10, 1985, the effective date of St. 1985, c. 572, § 55, the fund was known as the "Second Injury Fund" and was totally financed by assessments on workers' compensation insurers and self-insurers. Statute 1985, c. 572, § 55, however, rewrote G. L. c. 152, § 65, by establishing two new funds, financed by assessments on employers, in place of the Second Injury Fund. One of those funds, the Special Fund, was to pay the operating expenses of the Department of Industrial Accidents (department). The other fund, the Trust Fund, was to pay the claims of insurers for partial reimbursement of their payment of second injury claims made by employees.

Shelby Mutual Insurance Company (Shelby) paid compensation to Richard Manning for a second injury he sustained in November, 1975. Shelby sought reimbursement from the Second Injury Fund, predecessor to the Trust Fund, in 1981, and in May of 1982 Shelby and an assistant attorney general agreed in writing that Shelby would be paid

$12,270.65. No payment has been made. Shelby brought an action in contract against the Commonwealth in the Superior Court. Summary judgment was ordered requiring the Commonwealth to pay Shelby $12,270.65 out of the Commonwealth's general fund. The Commonwealth has appealed.

Merchants Insurance Company (Merchants) paid compensation to Mark Sutcliffe, a disabled veteran, for a second injury he sustained on March 6, 1981. In April, 1988, Merchants filed a request for reimbursement. Central Mutual Insurance Company (Central) paid compensation to William F. Lanoue for a second injury he sustained on June 14, 1978. Central filed a claim for reimbursement on August 9, 1983. Nationwide Mutual Insurance Co. (Nationwide) paid compensation to Carl Vivace for a second injury that occurred on September 17, 1974, and filed a petition for reimbursement from the Second Injury Fund on May 19, 1980. Merchants, Central, and Nationwide's claims for reimbursement, like Shelby's claim, have not been paid. Merchants, Central, and Nationwide brought their claims for payment from the Trust Fund before the department. The department's reviewing board, on appeal from the decision of an administrative judge, determined that the insurers were not entitled to payment from the Trust Fund.

The Commonwealth appealed to the Appeals Court from the judgment in the Superior Court favorable to Shelby, and Merchants, Central, and Nationwide appealed to the Appeals Court from the reviewing board's decision favorable to the Commonwealth. After consolidating the appeals, the Appeals Court affirmed the reviewing board's decision in favor of the Commonwealth and reversed the judgment for Shelby in the Superior Court. *Shelby Mut. Ins. Co. v. Commonwealth*, 36 Mass. App. Ct. 317 (1994). We now reverse the decision of the reviewing board and affirm the judgment of the Superior Court.

General Laws c. 152, § 37, as appearing in St. 1991, c. 398, § 71, provides in material part:

"Whenever an employee who has a known physical impairment which is due to any previous accident, disease or any congenital condition and is, or is likely to be, a hindrance or obstacle to his employment, and who, in the course of and arising out of his employment, receives a personal injury for which compensation is required by this chapter and which results in a disability that is substantially greater by reason of the combined effects of such impairment and subsequent personal injury than that disability which would have resulted from the subsequent personal injury alone, the insurer or self-insurer shall pay all compensation provided by this chapter. . . .

"Insurers making payments under this section shall be reimbursed by the state treasurer from the trust fund created by section sixty-five . . . ."

General Laws c. 152, § 37A, as amended through St. 1973, c. 855, § 3, provides in material part:

"Any employee who is a war veteran and disabled as a result of his military or naval service and has been certified as such by the United States Veterans Administration and who, in the course of and arising out of his employment, receives a personal injury which is aggravated or prolonged by such disability for which he is receiving compensation from said administration, shall receive the compensation provided by this chapter, or said compensation shall be paid to his dependents, if death results from the injury. Such compensation shall be paid by the insurer or self-insurer, who shall be reimbursed . . . by the state treasurer from the fund created by section sixty-five. In the event that said fund becomes exhausted, the state treasurer shall make such payments from the general fund without appropriation."

General Laws c. 152, § 65 (2), as appearing in St. 1991, c. 398, § 85, provides in relevant part:

"(2) There is hereby established a trust fund in the state treasury, known as the Workers' Compensation Trust Fund, the proceeds of which shall be used to pay or reimburse the following compensation: . . . (c) reimbursement of certain apportioned benefits pursuant to section thirty-seven; . . . and (g) reimbursement of certain apportioned benefits pursuant to section thirty-seven A. . . . Revenues for the special fund and the trust fund established herein shall be raised by an assessment on all employers subject to this chapter."

As we have said, St. 1985, c. 572, § 55, rewrote G. L. c. 152, § 65, by establishing two new funds, financed by employers, in place of the Second Injury Fund which had been financed by insurers. General Laws c. 152, § 65, as amended by St. 1985, c. 572, § 55, did not expressly provide whether the date on which an employee's second injury was sustained would be significant in determining whether the newly established Trust Fund, rather than the older Second Injury Fund, which had become depleted, would be the source of reimbursement of insurers for payments made on account of those injuries. Also, § 65, as amended, did not expressly state whether it applied to all claims by insurers for reimbursement without reference to when the claims were filed.

General Laws c. 152, § 2A, inserted by St. 1946, c. 386, § 3, which was in effect in 1985 and continues to be in effect with one amendment (see St. 1991, c. 398, § 16), provides:

"Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which increases the amount or amounts of compensation payable to an injured employee or his dependents including amounts deducted for legal fees shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act, unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective

date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

Because St. 1985, c. 572, § 55, did not increase the amounts of compensation payable to injured employees, it would have been deemed to be procedural and to apply retroactively to all injuries regardless of the dates of their occurrence. In the absence of further legislative action, the newly created Trust Fund would have been the source of reimbursement of insurers for all payments made by them on account of second injuries arising under G. L. c. 152, §§ 37 and 37A, regardless of when the injuries occurred.

However, the Legislature then enacted St. 1989, c. 565, effective February 27, 1990. That statute provides:

"Notwithstanding the provisions of section two A of chapter one hundred and fifty-two of the General Laws, section sixty-five of said chapter one hundred and fifty-two shall apply to an injury occurring on or after December tenth, nineteen hundred and eighty-five, except said section sixty-five shall apply to an injury for which compensation is payable under section thirty-four B and thirty-five C of said chapter one hundred and fifty-two, regardless of the date of such injury."

Resolution of these appeals requires us to determine whether the Legislature intended St. 1989, c. 565, to apply to all claims for reimbursement including those that insurers had filed before February 27, 1990, the date on which St. 1989, c. 565, became effective, thus giving the statute retroactive effect, or, instead, intended the statute to apply prospectively only to reimbursement claims filed on or after the effective date of the statute. If the statute was intended to apply retroactively to insurers' claims filed in 1980, 1982,

1983, and 1988, as here, the plaintiffs' claims were extinguished by St. 1989, c. 565, because the injuries were sustained before December 10, 1985. However, if St. 1989, c. 565, was intended to apply prospectively only, that is, only to reimbursement claims filed after the statute's effective date, the statute does not apply to this case because the insurers' claims at issue here were filed before February 27, 1990, and the dates on which the employees' injuries were sustained are without consequence.

"Unless the legislative intent is unequivocally clear to the contrary, a statute operates prospectively, not retroactively." *Sentry Fed. Sav. Bank* v. *Co-operative Cent. Bank,* 406 Mass. 412, 414 (1990). "It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action." *Hein-Werner Corp.* v. *Jackson Indus.,* 364 Mass. 523, 525 (1974), and cases cited. When, as is clearly the situation here, the statute extinguishes substantive rights, it will not be applied retroactively to pending claims "unless the Legislature has stated the contrary explicitly." *Austin* v. *Boston Univ. Hosp.,* 372 Mass. 654, 657 (1977). The Legislature has not "stated the contrary explicitly" in St. 1989, c. 565. We hold, therefore, that St. 1989, c. 565, does not apply to claims for reimbursement that were filed before February 27, 1990, as were the claims in these cases.

We affirm the judgment of the Superior Court in favor of Shelby Mutual Insurance Company but order that the judgment be satisfied out of the Workers' Compensation Trust Fund. We reverse the decision of the reviewing board with respect to the claims of the other three insurers. Merchants Insurance Company is entitled to payment from the Trust Fund of $175,000, plus interest and costs. Central Mutual Insurance Company is entitled to payment from the Trust Fund of $42,343.77, plus interest and costs. Nationwide Mu-

tual Insurance Co. is entitled to payment from the Trust Fund of $22,755, plus interest and costs.

*So ordered.*