RALPH DELANO, trustee,[1] *vs.* STEPHEN J. MILSTEIN. No. 01-P-531. December 16, 2002. *Attorney at Law,* Attorney-client relationship. *Interest. Statute,* Construction. *Words,* "Shall."

Ralph DeLano, trustee of the G & R Realty Trust (the trust), brought an action to recover $25,000 in funds held by Stephen J. Milstein, who had been an attorney for the trust. One of the grounds of the complaint alleged that Milstein's refusal to pay over the funds was a violation of G. L. c. 221, § 51. Milstein failed to respond, and a default judgment entered. The trust eventually obtained an assessment of damages, and judgment was entered for the trust.

General Laws c. 221, § 51, provides: "An attorney at law who unreasonably neglects to pay over money collected by him for and in behalf of a client, when demanded by the client, shall forfeit to such client five times the lawful interest of the money from the time of the demand." The judge agreed that the statute applied, but awarded interest at a rate of "two times the statutory interest as provided by G. L. c. 221, § 51."

This was error as the judge did not have discretion to adjust the interest provision. The trust was entitled to five times the lawful interest. The use of the word "shall" is, in this context, to be given a mandatory meaning. *Uglietta* v. *City Clerk of Somerville*, 32 Mass. App. Ct. 742, 744 (1992). As a penalty provision, the statute must be strictly construed. *Cannon* v. *Fahey*, 327 Mass. 245, 246 (1951).

The judgment of the Superior Court is amended by striking "two times" and inserting in place thereof "five times." As so amended, the judgment is affirmed.

*So ordered.*

*John J. Gallagher* for the plaintiff.

*Stephen J. Milstein*, pro se.

---

[1] Of G & R Realty Trust.