## Kim Oakes's Case.

No. 05-P-653.

Suffolk. May 12, 2006. - August 9, 2006.

Present: Greenberg, Laurence, & Graham, JJ.

Further appellate review granted, 448 Mass. 1105 (2007).

*Workers' Compensation Act,* Reimbursement of insurer. *Limitations, Statute of. Practice, Civil,* Statute of limitations. *Statute,* Construction.

Discussion of the standard of review applicable to an order by a single justice in an appeal from a decision of an administrative agency. [83-84]

In amending G. L. c. 152, § 37, in 1991 to add a two-year statute of limitations on claims for reimbursement from the Workers' Compensation Trust Fund, the Legislature designated the change as a substantive one that would apply prospectively, and therefore, the statute of limitations did not bar an insurer from receiving reimbursement for workers' compensation payments made to an injured employee more than three years before filing its petition for reimbursement, where the employee had been injured prior to the effective date of the amendment. [84-87]

Appeal from a decision of the Industrial Accident Reviewing Board.

The case was heard in the Appeals Court by *Cowin,* J.

*Robert L. Quinan, Jr.,* Assistant Attorney General, for Worker's Compensation Trust Fund.

*Jerry E. Benezra (Dorothy M. Linsner* with him) for the insurer.

Graham, J. The Workers' Compensation Trust Fund (trust fund) appeals from a judgment entered by a single justice[1] of this court affirming a decision of the reviewing board (board) of the Department of Industrial Accidents (DIA), which in turn affirmed an administrative judge's decision to award reimbursement to the insurer, Travelers Casualty & Surety Insurance Company (Travelers), pursuant to G. L. c. 152, § 37, for pay-

---

[1] As of July 1, 2005, appeals taken from decisions of the reviewing board go to a panel of this court.

ments it made to an injured employee.[2] In the present case, the underlying injury triggering § 37 relief occurred in September of 1989, and Travelers made its final payment to the employee in June of 1995. Travelers did not file its petition for reimbursement until December of 1998.

On appeal, the trust fund contends that the current version of G. L. c. 152, § 37, which includes a two-year statute of limitations added by the Legislature in a 1991 amendment,[3] should be applied to bar Travelers's claim for reimbursement. We conclude that the statute of limitations was intended to apply prospectively; accordingly, we affirm the decision of the single justice.

*Background.* Kim Oakes began working as a salesperson for Dettinger Lumber Company (Dettinger) in 1984. Oakes had sustained a significant back injury in 1980, prior to working for Dettinger. He suffered a subsequent work-related injury to his hand on September 2, 1989. This injury qualified as a subsequent injury pursuant to § 37.

Travelers, which provided workers' compensation insurance for Dettinger at the time of the injury, paid temporary total disability benefits, and then partial incapacity benefits, to Oakes from December 2, 1989, until June 22, 1995. At that point, a lump sum settlement was made in the amount of $100,000, which redeemed Travelers's liability for Oakes's injuries. In December of 1998, three and one-half years after making its final payment to Oakes, Travelers sought reimbursement from the trust fund, pursuant to G. L. c. 152, §§ 37 and 65(2)(*c*), in the amount of $113,042.23. The trust fund refused to make the requested payment for a number of reasons, including its assertion that the petition was time barred.

Section 37 of the workers' compensation statute provides reimbursement to workers' compensation insurers for a portion of payments made to certain employees whose disabilities were caused in part by previous injuries. See G. L. c. 152, § 37. The purpose of the fund, formerly known as the "Second Injury Fund," is to encourage employers to hire previously disabled

---

[2]General Laws c. 152, § 37, provides reimbursement to workers' compensation insurers for payments made to certain employees whose disabilities were caused in part by previous injuries.

[3]Statute 1991, c. 398, § 71, was effective on December 23, 1991.

employees by reimbursing a portion of the increased compensation burden incurred when such an employee suffers further work-related injury. See *Daly* v. *Commonwealth*, 29 Mass. App. Ct. 100, 101-102 (1990). Section 37 provides that an insurer may obtain partial compensation from the trust fund for payments made to qualifying employees: reimbursements are not to exceed seventy-five percent of the total payments made to the employee, and no reimbursement is made for payments in the first two years (104 weeks) of disability. To qualify for reimbursement under § 37, payments must be made to an employee with a known physical impairment who suffers a subsequent injury that results in a disability that is "substantially greater by reason of the combined effects of such impairment and subsequent personal injury than that disability which would have resulted from the subsequent personal injury alone." G. L. c. 152, § 37, as appearing in St. 1991, c. 398, § 71.

Travelers's claim for reimbursement initially was denied by a DIA administrative judge after a conference. After a hearing, a second administrative judge granted Travelers's petition, and the trust fund appealed. Citing its decision in *Walsh* v. *Bertolino Beef Co.*, 16 Mass. Workers' Comp. Rep. 151, 153-155 (2002), the board summarily affirmed that portion of the administrative judge's decision that held that Travelers's claim was not time barred, and rejected, with a statement of reasons, the trust fund's remaining assertions of error. In February of 2005, a single justice of this court affirmed the board's decision.

On appeal, the trust fund does not dispute the underlying facts of the case. Rather, it contends that the board erred in determining that no statute of limitations applied to Travelers's reimbursement claim. The trust fund's argument rests on its interpretation of the 1991 amendment to the workers' compensation statute, which added the two-year statute of limitations to § 37, and which the trust fund argues should be applied retroactively.[4]

*Discussion.* a. *Standard of review.* "We review the single

---

[4]The trust fund alternatively argues that the time limit set forth in a 1989 regulation, which was in force at the time of Oakes's second injury but was repealed in 1997, should apply to bar Travelers's reimbursement claim. We do not address this argument, as it was not raised below. See *Gaw* v. *Sappett*, 62

justice's order 'in the same manner as if the single justice were a lower court.' Appeals Court Rule 2:04 (1990). Because this court is conducting 'an analysis of the same agency record . . . there is no reason why the view of the [single justice] should be given any special weight,' " *Coggin* v. *Massachusetts Parole Bd.*, 42 Mass. App. Ct. 584, 587 (1997), quoting from *Southern Worcester County Regional Vocational Sch. Dist.* v. *Labor Relations Commn.*, 377 Mass. 897, 903 (1979). Our review of the board's decision is, therefore, de novo. See *Coggin* v. *Massachusetts Parole Bd.*, *supra* at 588.

We begin our analysis by noting that "[t]he interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference." *Gateley's Case*, 415 Mass. 397, 399 (1993). See *Bertocchi's Case*, 58 Mass. App. Ct. 561, 565 (2003). While the duty of statutory interpretation remains with the courts, we will not substitute our judgment for that of an administrative agency if its interpretation of a statute is reasonable and its findings are supported by substantial evidence. See *School Comm. of Wellesley* v. *Labor Relations Commn.*, 376 Mass. 112, 116 (1978); *United States Jaycees* v. *Massachusetts Commn. Against Discrimination*, 391 Mass. 594, 600 (1984); *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988), citing *Insurance Rating Bd.* v. *Commissioner of Ins.*, 359 Mass. 111, 117 (1971).

b. *Interpretation of § 37.* The trust fund acknowledges that § 37, as it appeared on the date of the employee's injury (September 2, 1989), contained no explicit limitations period within which insurers needed to file for reimbursements under the second injury scheme. However, on December 23, 1991, a two-year statute of limitations was established for § 37 with the enactment of St. 1991, c. 398, § 71; chapter 398 was entitled "An Act Relative to Fair and Effective Compensation of Injured Workers" (Reform Act).[5] The trust fund argues that a proper reading of § 106 of the Reform Act dictates that we apply the

---

Mass. App. Ct. 405, 410 (2004) ("A party is not entitled to appellate review of a nonjurisdictional issue or theory never presented to the trial court").

[5]The last paragraph of St. 1991, c. 398, § 71, provides as follows:

two-year statute of limitations retroactively to bar Travelers's reimbursement claim.[6]

In the absence of statutory guidance, procedural amendments are to be applied retroactively, and substantive amendments are to be applied prospectively. See *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 658 (1977); *Shelby Mut. Ins. Co.* v. *Commonwealth*, 420 Mass. 251, 257 (1995), and cases cited. However, the workers' compensation statute provides its own statutory scheme for differentiating between procedural and substantive changes. Accordingly, § 2A of the statute provided that the only changes to be considered substantive are those that increase[7] the amount of compensation "payable to an injured employee or his dependents . . . unless otherwise expressly provided." G. L. c. 152, § 2A, inserted by St. 1946, c. 386, § 3.[8]

Rather than relying on the standard set forth in § 2A of the

"Any petition for reimbursement under this section shall be filed no later than two years from the date on which the benefit payment for which the reimbursement request is being filed was made."

[6]We note that the date of injury is the proper date to consider, as this is the date on which an insurer's payment obligation first attaches. This date is also in line with other provisions of the Workers' Compensation Act, which generally focus on the date of injury as the event from which time measurements are made. See, e.g., G. L. c. 152, §§ 1, 15, 34B, 36, & 36A.

[7]The Reform Act expanded the definition of substantive changes in § 2A to include changes that *decreased* compensation to employees in addition to those that *increased* such compensation. This change, however, has no implications for the present case.

[8]Section 2A, which was in effect in 1985 and continues to be in effect with only minor amendments (see St. 1991, c. 398, § 16), provided, in relevant part:

"Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which increases the amount or amounts of compensation payable to an injured employee or his dependents shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act, unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

86        67 Mass. App. Ct. 81 (2006)

Oakes's Case.

statute, however, the Legislature expressly designated each section of the Reform Act as either substantive or procedural. No section in the Reform Act was without such express designation, as provided in §§ 103-107 of the Reform Act. See Nason, Koziol, & Wall, Workers' Compensation § 2.15 (3d ed. 2003). Section 106 of the Reform Act, the section relevant to the present case, provides in pertinent part as follows:

> "For purposes of section two A of chapter one hundred and fifty-two of the General Laws, and [*sic*] section[]. . . seventy one . . . of this act . . . shall be deemed to be substantive in character."

The trust fund argues that this language is ambiguous and cryptic, and does not indicate a clear intent by the Legislature to apply the statute of limitations prospectively. The trust fund therefore argues that § 106 should be read as requiring the standard in § 2A to apply to each change set forth in § 71 of the Reform Act; accordingly, the addition of the statute of limitations would be considered procedural and would apply retroactively. The trust fund's argument is without merit, as there is no ambiguity in the language of § 106.[9] We also note that, even if an alternate reading of § 106 were possible, the analysis of this language by the board is certainly reasonable and warrants deference. See *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. at 62.

The intended meaning of § 106 is clear: the changes set forth in § 71 of the Reform Act are to be considered substantive for purposes of G. L. c. 152, § 2A, and therefore should be applied prospectively.[10] It is clear from the language of G. L. c. 152, § 2A, that the Legislature contemplated the type of express designation set forth in § 106. See note 8, *supra*. We

---

[9] The trust fund also puts forth a policy argument in favor of imposing a statute of limitations on § 37 petitions. This argument, however, relies on information outside of the record and is unavailing in the face of the Legislature's clear expression of intent in § 106 of the Reform Act.

[10] It is true that § 106 contains an extra word — the word "and" — which creates some confusion in the proper interpretation of the statute. While this error may evidence sloppy draftsmanship, it does not create an ambiguity as to the ultimate meaning intended by the Legislature.

also find nothing in the language of § 106 to indicate that the addition of a statute of limitations should be treated any differently from the rest of the changes set forth in § 71 of the Reform Act. See *O'Brien* v. *Massachusetts Bay Transp. Authy.*, 405 Mass. 439, 443-444 (1989), quoting from *Commonwealth* v. *Vickey*, 381 Mass. 762, 767 (1980) (stating that words should be given "their plain meaning in light of the aim of the Legislature," and judicial legislation should be avoided).

We recognize that, absent specific designation by the Legislature, the addition of a statute of limitations would be regarded as procedural for purposes of assessing its effect on claims that already have arisen. See *Austin* v. *Boston Univ. Hosp.*, 372 Mass. at 658-659; *Ditomasso* v. *Laliberte*, 9 Mass. App. Ct. 890, 890 (1980). It is, however, the legislative intent that controls. Where, as here, "a contrary legislative design is plainly expressed," a conflicting general principle cannot supersede that statement of intention. See *Smith* v. *Freedman*, 268 Mass. 38, 41 (1929). Considering the Legislature's clear expression of intent in the present case, the trust fund's reliance on *American Mut. Liab. Ins. Co.* v. *Commonwealth*, 379 Mass. 398, 404-406 (1979); *Pospisil's Case*, 402 Mass. 820, 822 (1988); and *Shelby Mut. Ins. Co.* v. *Commonwealth*, 420 Mass. at 256-257, is misplaced: none of these cases addresses a situation, like the present one, where the Legislature expressly has designated the disputed amendment as substantive.

Moreover, we agree with the board's assessment of the reasoning in *Walsh* v. *Bertolino Beef Co.* that to apply the trust fund's reading of the Reform Act "would render the Legislature's prospective characterization of [the amendments designated in § 106] as utterly meaningless." 16 Mass. Workers' Comp. Rep. at 154. Furthermore, "if the Legislature had intended the new statute of limitations to have retroactive application, 'it would have been natural for the Legislature to express such an intention,' as it did for the vast majority of the amendments enacted in 1991." *Ibid.*, quoting from *Nantucket* v. *Beinecke*, 379 Mass. 345, 348 (1979).

*Judgment affirmed.*