## Charles L. Johnson's Case.

No. 06-P-384.

Suffolk. December 6, 2006. - August 24, 2007.

Present: Gelinas, Green, & Grainger, JJ.

*Workers' Compensation Act,* Decision of Industrial Accident Reviewing Board, Attorney's fees. *Penalty.*

The reviewing board of the Department of Industrial Accidents (board) properly reversed and vacated an award to the employee in the amount of $10,000 made as a penalty, as called for by G. L. c. 152, § 8(1), par. 2, after the insurer failed to pay, within ninety days, interest under G. L. c. 152, § 50, on a decision ordering disability payments under G. L. c. 152, §§ 34 and 35, where the payment of such interest was not specifically ordered under the terms of the decision [838-839]; however, so much of the board's decision as vacated the employee's award of attorney's fees and costs under G. L. c. 152, § 13A(5), was unwarranted, and therefore, this court remanded the matter for a determination whether the employee was entitled to attorney's fees where there was a final order dismissing the insurer's claim under G. L. c. 152, § 14 [839-840].

Appeal from a decision of the Industrial Accident Reviewing Board.

*John F. Trefethen, Jr.,* for the employee.

*James W. Stone* for the insurer.

Gelinas, J. We consider in this case whether an employee is entitled to an award of a penalty in the amount of $10,000, as called for by G. L. c. 152, § 8(1), par. 2,[1] where an insurer

---

[1]The penalty clause in G. L. c. 152, § 8(1), par. 2, inserted by St. 1991, c. 398, § 23, provides in relevant part:

"Any failure of an insurer to make all payments due an employee under the terms of an order, decision, arbitrator's decision, approved lump sum or other agreement, or certified letter notifying said insurer that the employee has left work after an unsuccessful attempt to return within the time frame determined pursuant to paragraph (a) of subsection (2) of this section within fourteen days of the insurer's receipt of

failed to pay, within ninety days, interest under G. L. c. 152, § 50,[2] on a decision ordering G. L. c. 152, §§ 34 and 35, disability payments, but where the payment of such interest was not specifically ordered in the decision. We conclude that the employee is not entitled to the penalty award, and affirm so much of the decision of the reviewing board (board) of the Department of Industrial Accidents (DIA) reversing and vacating the employee's penalty award under G. L. c. 152, § 8(1). We vacate, however, so much of the decision vacating the employee's award of attorney's fees and costs under G. L. c. 152, § 13A(5),[3] and remand the matter to the reviewing board for a determination whether the employee is entitled to attorney's fees where there is a final order dismissing the insurer's claim under G. L. c. 152, § 14.[4]

*Facts.* The facts are not in dispute, and are taken from the parties' agreed statement of facts dated March 18, 2004, and the

such document, shall result in a penalty of two hundred dollars, payable to the employee to whom such payments were required to be paid by the said document; provided, however, that such penalty shall be one thousand dollars if all such payments have not been made within forty-five days, two thousand five hundred dollars if not made within sixty days, and ten thousand dollars if not made within ninety days."

[2]General Laws c. 152, § 50, as amended through St. 1991, c. 398, § 77, provides:

"Whenever payments of any kind are not made within sixty days of being claimed by an employee, dependent, or other party, and an order or decision requires that such payments be made, interest at the rate of ten percent per annum of all sums due from the date of the receipt of the notice of the claim by the department to the date of payment shall be required by such order or decision. Whenever such sums include weekly payments, interest shall be computed on each unpaid weekly payment."

[3]General Laws c. 152, § 13A(5), as amended through St. 1991, c. 398, § 35, provides in relevant part:

"Whenever an insurer files a complaint or contests a claim for benefits and . . . the employee prevails at such hearing the insurer shall pay a fee to the employee's attorney in an amount equal to three thousand five hundred dollars plus necessary expenses. An administrative judge may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney."

[4]General Laws c. 152, § 14(2), as amended by St. 1991, c. 398, § 37, provides in relevant part:

uncontested procedural history recited in the reviewing board's decision. The employee, Charles L. Johnson, filed a claim with the DIA in September, 2000, requesting temporary total disability benefits under G. L. c. 152, § 34. Pursuant to an administrative judge's decision dated June 28, 2002, the insurer, T.I.G. Insurance Company (TIG), was ordered to pay § 34 benefits at the rate of $423.49 from June 4, 2000, through December 4, 2000, and partial disability benefits under G. L. c. 152, § 35, at the rate of $231.49 from December 5, 2000, to date and continuing. Neither Johnson's original claim nor the decision mentioned G. L. c. 152, § 50, interest. The decision was not appealed and neither party requested an amended decision.

TIG issued a check, dated July 10, 2002, to Johnson for $19,156.04. This check was for the payment period December 5, 2000, to July 10, 2002. On July 17, 2002, Johnson's attorney wrote to TIG, raising several issues, including TIG's failure to pay interest under G. L. c. 152, § 50. On July 23, 2002, Johnson's attorney again wrote to TIG, indicating that § 50 interest was due.

In October, 2002, Johnson filed with the DIA claims under G. L. c. 152, § 50 (requesting interest), § 8(1) (requesting a penalty), and § 13A (requesting attorney's fees). TIG then filed a claim under G. L. c. 152, § 14, requesting costs and penalties against Johnson for allegedly bringing his § 8(1) penalty claim without reasonable grounds. In November, 2002, TIG issued a check for $2,029.99 to Johnson's attorney with the notation "WC CLAIMANT'S ATTORNEY'S FEES." In early December, 2002, Johnson's attorney returned that check to TIG's attorney, with a letter stating that no attorney's fees were presently owed and, given that the check amount was equal to the interest due to Johnson, requesting that a check in that amount

"If it is determined that in any proceeding within the division of dispute resolution, [i.e., proceedings before an administrative judge,] a party . . . concealed or knowingly failed to disclose that which is required by law to be revealed, knowingly used perjured testimony or false evidence, knowingly made a false statement of fact or law, participated in the creation or presentation of evidence which he kn[ew] to be false, or otherwise engaged in conduct that such party knew to be illegal or fraudulent, . . . the party shall be assessed, in addition to the whole costs of such proceedings and attorney's fees, a penalty payable to the aggrieved insurer . . . in an amount not less than the average weekly wage in the commonwealth multiplied by six."

be sent to Johnson as interest due. Subsequently, TIG sent a check in that amount as payment for interest due Johnson under G. L. c. 152, § 50.

After payment of the interest, Johnson's claims for a § 8(1) penalty and for § 13A attorney's fees and TIG's § 14 claim were assigned for a conference. On April 10, 2003, an order under G. L. c. 152, § 10A, issued denying both of Johnson's claims and TIG's counterclaim. Johnson timely appealed, requesting a hearing before an administrative judge, but TIG did not.[5]

In a decision dated December 13, 2004, and relying upon a prior decision of the reviewing board that established the terms of G. L. c. 152, § 50, as self-operative, see *Drumm* v. *Viale Florist*, 16 Mass. Workers' Comp. Rep. 335, 337 (2002) ("the employee need do nothing in order to receive interest on unpaid compensation due"), the administrative judge found that the statutory § 50 interest payment was within the terms of the June 28, 2002, decision, such that the penalty for late payment was applicable. The administrative judge awarded Johnson a $10,000 penalty under G. L. c. 152, § 8(1), and attorney's fees under G. L. c. 152, § 13A. TIG appealed the decision to the reviewing board.

In a decision dated December 29, 2005, the reviewing board reversed the administrative judge's December 13, 2004, decision, ruling that the self-operative nature of the G. L. c. 152, § 50, interest requirement was insufficient without specific language in the June 28, 2002, decision to render it a part of "the terms" of that decision, and thereby trigger the G. L. c. 152, § 8(1) penalty provision. In reaching this result, the reviewing board relied on *Megazzini* v. *Bell Atl.*, 19 Mass. Workers' Comp. Rep. 167 (2005), which had not been decided at the time the December 13, 2004, decision was issued. In addition, the reviewing board reversed Johnson's award of attorney's fees under G. L. c. 152, § 13A(5), based on its reversal of Johnson's § 8(1) penalty award. The reviewing board did not consider, however, Johnson's claim for § 13A attorney's fees based on the conference order's denial of TIG's claim under G. L. c. 152, § 14.

---

[5]TIG concedes in its brief that it did not appeal from the conference order.

Johnson has appealed to this court, arguing that the administrative judge was correct in holding that the self-operative nature of G. L. c. 152, § 50, is sufficient, even absent any language referring to the interest requirement in the hearing decision itself, to render it part of "the terms" of the hearing decision under G. L. c. 152, § 8(1); and, in the alternative, that even if the reviewing board was correct as to the G. L. c. 152, § 8(1), claim, Johnson is nonetheless entitled to attorney's fees under G. L. c. 152, § 13A(5), solely on the basis of the denial of TIG's claim under G. L. c. 152, § 14.

*Standard of review.* "We exercise de novo review of questions of statutory construction . . . and we must overturn agency decisions that are not consistent with governing law." *McDonough's Case*, 448 Mass. 79, 81 (2006). Nonetheless, "[t]he interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference." *Gateley's Case*, 415 Mass. 397, 399 (1993). "While the duty of statutory interpretation remains with the courts, we will not substitute our judgment for that of an administrative agency if its interpretation of a statute is reasonable and its findings are supported by substantial evidence." *Oakes's Case*, 67 Mass. App. Ct. 81, 84 (2006). See *Eastern Cas. Ins. Co.* v. *Commissioner of Ins.*, 67 Mass. App. Ct. 678, 683 (2006).

*Interpretation of G. L. c. 152, § 8(1), par. 2.* The penalty clause in G. L. c. 152, § 8(1), par. 2, reads, in pertinent part: "Any failure of an insurer to make all payments due an employee under the terms of an order[] [or] decision . . . shall result in a penalty of . . . ten thousand dollars if [payments are] not made within ninety days." See note 1, *supra*. Although Johnson asks us to construe § 8(1) as including the self-operative interest of G. L. c. 152, § 50, within "the terms of an order[] [or] decision," we are mindful that "[a]s a penalty provision, [§ 8(1)] must be strictly construed." *DeLano* v. *Milstein*, 56 Mass. App. Ct. 923, 923 (2002). "A statute designed to enforce the law by punishing offenders, rather than simply by enforcing restitution to those damaged, is in the nature of a penal statute." *Collatos* v. *Boston Retirement Bd.*, 396 Mass. 684, 686 (1986). The $10,000 penalty under § 8(1), par. 2, is in the nature of a penal statute. This penalty does not provide

restitution to the employee, but penalizes a late payment even though, as in this case, the insurer may eventually make that payment to the employee. See *Eastern Cas. Ins. Co.* v. *Roberts*, 52 Mass. App. Ct. 619, 629 (2001) ("the penalty provisions [of G. L. c. 152, § 8(1)] . . . are enacted not to confer rights on employees, but instead to persuade insurers to make timely payments").

In light of the use of the language "under the terms of" in G. L. c. 152, § 8(1), par. 2, we agree with the reviewing board that § 8(1), par. 2, applies only to payments due an employee under the specific terms stated in an order or decision. Because the June 28, 2002, decision did not specifically award interest pursuant to G. L. c. 152, § 50, Johnson was not entitled to a penalty under § 8(1), par. 2. The plain language of § 8(1), par. 2, requires that a penalty be assessed only where an insurer fails to make payments due under the terms of an order or decision. If the order or decision does not specify that payment is due pursuant to § 50, or any other statute, no penalty under § 8(1), par. 2, may be assessed for the failure to make such payment. See *Eastern Cas. Ins. Co.* v. *Roberts, supra* at 630 ("§ 8[1] does not apply to *all payments due*," so that where a payment "arises by operation of [a] statute[,] . . . [it] is not one of the 'payments due' referred to in § 8[1]").

As noted by the reviewing board, this interpretation is consistent with the legislative history of G. L. c. 152, § 50. In 1991, § 50 was amended by St. 1991, c. 398, § 77, to require that the interest under § 50 "shall be required by such order or decision," whereas the version of § 50 prior to that amendment stated only that the interest "shall be paid by the insurer." "The [L]egislature are presumed to understand and intend all consequences of their own measures." *Rambert* v. *Commonwealth*, 389 Mass. 771, 774 (1983), quoting from *Commonwealth* v. *Churchill*, 2 Met. 118, 124 (1840). The language of the amended version of § 50 correlates with the penalty clause language of G. L. c. 152, § 8(1), par. 2, which was added at the same time in 1991, in that § 50 requires that interest be awarded in the order or decision, and § 8(1) looks to the terms of that order or decision to determine whether there has been a failure to pay.

*Attorney's fees.* Under G. L. c. 152, § 13A(5), an employee

who successfully defends against a G. L. c. 152, § 14, claim is entitled to reasonable attorney's fees. See *Richard's Case*, 62 Mass. App. Ct. 701, 705-706 (2004) (employee entitled to § 13A[5] attorney's fees for successfully defending an insurer's § 14 claim even though employee's claim for benefits was ultimately denied). "No further analysis is required under the statute." *Ibid.* We therefore remand the matter to the reviewing board to consider Johnson's G. L. c. 152, § 13A(5), claim in light of his successful defense against TIG's claim under § 14.

*Conclusion.* The decision of the board is affirmed insofar as it reverses and vacates the penalty award. The decision is reversed insofar as it vacates the award of attorney's fees, and the matter is remanded to the board for further proceedings consistent with this opinion.

*So ordered.*