# Kim Oakes's Case.

Suffolk. November 8, 2007. - April 16, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cordy, & Botsford, JJ.

*Workers' Compensation Act,* Reimbursement of insurer. *Limitations, Statute of. Practice, Civil,* Statute of limitations.

Appeal from a decision of the Industrial Accident Reviewing Board.

The case was heard in the Appeals Court by *William I. Cowin,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert L. Quinan, Jr.,* Assistant Attorney General, for Worker's Compensation Trust Fund.

*Jerry E. Benezra* for the insurer.

Ireland, J. We granted the application of the Workers' Compensation Trust Fund (Fund) for further appellate review in this case. The Appeals Court affirmed the decision of a single justice who had affirmed a decision of the reviewing board of the Department of Industrial Accidents (board) holding that, where claims are filed by workers' compensation insurers for reimbursement pursuant to G. L. c. 152, § 37, and the worker sustained an injury while the 1985 version of the statute was in effect, no statute of limitations applies to the claim. *Oakes's Case,* 67 Mass. App. Ct. 81, 82 (2006).

This case was paired for argument with *Alves's Case, ante*

171 (2008), because it raised the same issue.[1] For the reasons set forth in the decision in *Alves's Case, supra,* released today, we affirm the decision of the board.

*So ordered.*

BOTSFORD, J. (concurring, with whom Marshall, C.J., and Cordy, J., join). For the reasons stated in my dissenting opinion in *Alves's Case, ante* 171, 180-189 (2008) (Botsford, J., dissenting), I disagree that no statute of limitations applies to claims for reimbursement of compensation for second injuries that occurred while the 1985 version of G. L. c. 152, § 37, was in effect. However, I concur in the disposition of this case because, as the court points out, *ante* at 191 n.1, the Workers' Compensation Trust Fund failed to argue to the Appeals Court that the court should borrow a statute of limitations for the 1985 version of § 37, and thus has waived the ground on which my dissent in the *Alves* case is based.

---

[1] In its brief to the Appeals Court in *Oakes's Case,* 67 Mass. App. Ct. 81 (2006), the Fund did not raise the issue of borrowing a statute of limitations from an analogous statute. Therefore the argument is waived in this case. Moreover, in its brief, the Fund does not argue that the Appeals Court's sole ground for rejecting Oakes's appeal, that the two-year statute of limitations contained in the 1991 amendment to G. L. c. 152, § 37, should apply to the 1985 version of the statute, is erroneous.