WILLIAM P. HAINES'S (dependent's) CASE.

No. 07-P-1131.

Suffolk. April 16, 2008. - May 30, 2008.

Present: McHUGH, KATZMANN, & GRAINGER, JJ.

*Workers' Compensation Act,* Decision of Industrial Accident Reviewing Board, Right to compensation, Dependency compensation. *Pension. Words,* "Fully self-supporting."

This court affirmed a decision of the reviewing board of the Department of Industrial Accidents that the claimant was entitled to continued dependent's compensation as the surviving spouse of the deceased employee, even though she received her own annual pension, because she was "in fact not fully self-supporting" within the meaning of G. L. c. 152, § 31, where G. L. c. 152, § 38, excluded from that analysis income derived from sources other than the workers' compensation insurer. [846-849]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*David A. Guberman,* Assistant Attorney General, for the employer.

*Ronald S. Barnes* for the claimant.

GRAINGER, J. The reviewing board (reviewing board) of the Department of Industrial Accidents, reversing the decision of the administrative judge, held that Evelyn M. Haines (claimant) was entitled to continued dependent's compensation as the surviving spouse of the deceased employee, because she was "in fact not fully self-supporting" within the meaning of G. L. c. 152, § 31, as appearing in St. 1982, c. 663, § 1. The Commonwealth (self-insurer) appeals, arguing that the claimant's annual pension made her "in fact" fully self-supporting. We affirm the reviewing board's decision in this case of first impression.

*Background.* William P. Haines (employee) was employed by

Middlesex County as a security guard. In 1991, he suffered a heart attack in the course of his employment and left his job, never to return. He received weekly payments under G. L. c. 152, §§ 34 and 34A, until his death in 1999. Upon his death, his wife, the claimant, received survivor's benefits under G. L. c. 152, § 31, for 250 weeks. The Commonwealth then moved to terminate her payments, claiming that because she received her own annual retirement pension[1] she was therefore "in fact . . . fully self-supporting" under § 31. An administrative judge agreed, but on appeal, the reviewing board reversed and ordered the continued payment of benefits.

*Discussion.* The sole issue before us is whether the claimant's pension should be included in calculating whether she is in fact fully self-supporting under G. L. c. 152, § 31. The parties have stipulated that the claimant is fully self-supporting if her pension is considered, and not fully self-supporting if it is not considered. We review questions of statutory construction de novo and will overturn an agency decision inconsistent with governing law. *McDonough's Case*, 448 Mass. 79, 81 (2006). However, where the agency is "charged with primary responsibility for administering [the statute]," we grant its interpretation substantial deference and will not disturb it where the interpretation is reasonable. *Johnson's Case*, 69 Mass. App. Ct. 834, 838 (2007), quoting from *Gateley's Case*, 415 Mass. 397, 399 (1993).

The fourth paragraph of G. L. c. 152, § 31, provides that, after payment of two hundred fifty (250) weeks of compensation benefits, "a dependent unremarried widow . . . shall continue to receive further payments but only during such periods as . . . she is in fact not fully self-supporting." In turn, "[s]ection 38 [of G. L. c. 152] categorizes the types of benefits or monies that shall be excluded from the 'self-supporting' analysis under § 31." *Wilson's Case*, 67 Mass. App. Ct. 1, 6 (2006).[2] Section 38 states:

---

[1]The claimant is retired from her position as the assistant town manager for the town of Billerica, and receives an annual superannuation retirement pension from the Middlesex retirement system. See G. L. c. 32, § 5.

[2]Our decision in *Wilson's Case*, *supra* at 6-7, elaborates as follows:

"The legislative policy advanced by § 38 was discussed by the Supreme Judicial Court in *Mizrahi's Case*, 320 Mass. 733 (1947). The court

> "Except as expressly provided elsewhere in this chapter, no savings or insurance of the injured employee independent of this chapter shall be considered in determining compensation payable thereunder, nor shall benefits derived from any other source than the insurer be considered in such determination."

G. L. c. 152, § 38, as amended by St. 1986, c. 662, § 33. The parties agree that the phrase "benefits derived from any other source" in § 38 applies to the employee's pension and it must be excluded. See *Wilson's Case*, *supra* at 7, quoting from *Mizrahi's Case*, 320 Mass. 733, 737 (1947) (referring to § 38 benefits as including entitlements from, among other sources, "pension plans governmental or otherwise"). They disagree whether the phrase applies to the claimant's own pension.

We affirm the reviewing board's determination that the claimant's pension is "the product of a benefit scheme to which the employee (or claimant) contributed" (*Wilson's Case*, *supra* at 7), and thus may not be considered in the fully self-supporting analysis of § 31. The comprehensive discussion in *Wilson's Case* (see note 2, *supra*) also reinforces the conclusion in *Mizrahi's Case* that § 38 should be broadly construed in the relevant "field [i.e., the realm of sick benefits, *pensions*, and other benefits from membership associations]" (emphasis added). *Wilson's Case*, *supra* at 7, quoting from *Mizrahi's Case*, *supra*. Section 38 makes no distinction between the employee's benefits and other benefits; if the benefit is not derived from the insurer, it is excluded.

Under these circumstances we do not interpret § 38 as excluding only benefits of the "injured employee" — that phrase is defined by the statute to include the employee's dependents where, as here, the employee is deceased. See G. L. c. 152, § 1(4), seventh par.[3] We are not persuaded by the Commonwealth's argument that "a different meaning is plainly required

explained that 'benefits,' as used in § 38, was a term of art that referred to 'any sick benefits or other benefits to which [the employee or dependent] might be entitled from such sources as fraternal orders, benefit associations, pension plans governmental or otherwise, and the like.' *Id.* at 737."

[3] The statute's definition of "[e]mployee" provides that "[a]ny reference to an employee who has been injured shall, when the employee is dead, also

by the context." G. L. c. 152, § 1.[4] While a broader contextual argument, such as that made by the Commonwealth in connection with the claimant's over-all level of income, is not irrational, it is neither "plainly required by the context [n]or specifically prescribed." Although the claimant is "self-supporting" in the colloquial sense of the phrase, that result could also be reached where sources of income undeniably excluded from consideration under the statute (such as, in this case, a deceased employee's pension) are sufficient to provide for her support.[5] It is equally rational, under this statutory scheme, to assert that the claimant's pension should have no different effect on the employee's benefits after his death than it would if the claimant had retired during the employee's lifetime, a perspective directly reinforced by the referential language of G. L. c. 152, § 1(4), seventh par.

The Commonwealth's assertion that in § 31 the phrase "in fact" means that any and all income of the claimant should be considered proves too much, as it would have us consider even the employee's benefits received by the claimant, which we may not do. See *Wilson's Case*, 67 Mass. App. Ct. 6-7. Moreover, the "in fact" language emphasizes the absence of any causal element in the showing that must be made under § 31, in distinction to the showing of "incapacity for work" that an injured employee must make under other sections of the statute. See G. L. c. 152, §§ 34, 34A, & 35. See also Kistin, Dependency Benefits Under the Massachusetts Workmen's Compensation Act, 5 B.C. Indus. & Com. L. Rev. 527, 563 (1964). Use of the phrase "in fact not fully self-supporting" in § 31 indicates that the claimant must show only that the sources of income which may be considered under the statute are inadequate, rather than incapacity for work now or in the future.

Finally, even if this is not the only permissible reading of this

---

include his legal representatives, dependents and other persons to whom compensation may be payable." G. L. c. 152, § 1(4), seventh par.

[4] The preface to G. L. c. 152, § 1, states: "The following words as used in this chapter shall, unless a different meaning is plainly required by the context or specifically prescribed, have the following meanings[.]"

[5] See *Wilson's Case, supra* at 8 ("we believe the legislative language 'fully self-supporting' in § 31 does not entirely contemplate a common sense meaning of the phrase, given the gloss added by § 38").

arguably somewhat ambiguous provision, the reviewing board's reasonable interpretation is entitled to our deference. See *Mc-Carty's Case*, 445 Mass. 361, 367 (2005), citing *Richards's Case*, 62 Mass. App. Ct. 701, 706 (2004).

*Decision of reviewing board affirmed.*